**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.,** | |
| **Plaintiff,** | **Civil Action No. 2:26-cv-228** |
| **v.** | |
| **SAMSUNG DISPLAY CO., LTD., WALMART INC., and BEST BUY CO. LTD.** | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **Defendants.** | **DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("CSOSDT"), by and through its undersigned counsel, brings this action against Samsung Display Co., Ltd. ("Samsung Display"), Walmart Inc. ("Walmart"), and Best Buy Co., Inc. ("Best Buy") (collectively, "Defendants") for infringement of U.S. Patent No. 12,133,429 (the "'429 patent"), U.S. Patent No. 11,957,031 (the "'031 patent") and U.S. Patent No. 11,257,891 (the "'891 patent") (collectively, the "Asserted Patents"). CSOSDT states and alleges the following:

**NATURE OF THE ACTION**

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.    CSOSDT is organized under the laws of the People's Republic of China with a regular and established place of business at  Room 305, Building C5, Optical Valley Biological Innovation Park, No.666, Gaoxin Avenue, East Lake High-tech Development Zone, Wuhan, Hubei, China.  CSOSDT is a subsidiary of TCL China Star Optoelectronics Technology Company, Ltd. ("CSOT"), which is a company organized under the laws of the People's Republic of China having a regular and established place of business at No. 9-2 Tangming Ave., Guangming New District, Shenzhen, Guangdong, 518132.

3.    CSOSDT is a leading global display company focused on advanced semiconductor display technologies, having developed and produced mini light-emitting diode ("LED"), Micro LED, and organic light-emitting diode ("OLED") display panels and modules covering large, medium and small display sizes such as, without limitation, televisions, smartphones, tablets, laptops, monitors, and automotive displays.  CSOT plays a central role in the industrialization of printed OLED technology.

4.    Since its founding, CSOSDT has grown from a new entrant into a global display supplier with a broad manufacturing and research footprint and a record of sustained investment in next generation display technologies.  It consistently turns advanced display research into real products at scale, including OLED technologies that power modern devices and help set the pace of innovation across the display ecosystem.  By converting deep engineering knowledge and capabilities into manufacturable solutions, CSOSDT helps improve real world performance, reliability, efficiency, and form factor, all of which are important to advanced OLED technologies.

5.    This level of execution serves as the backdrop for CSOSDT's "Inspire

Greatness," a global brand slogan developed with an expressed desire to empower people through innovative technologies and help them add greatness to their lives.  CSOSDT's "Inspire Greatness" reflects a practical standard—disciplined engineering that elevates what users can see and do—while improving the underlying fundamentals that make adoption possible at scale. These fundamentals include performance, reliability, efficiency, and new form factors.  CSOT embodies "Inspire Greatness" by pushing OLED performance forward through engineering excellence and consistent delivery of advanced OLED prototypes and product platforms at major industry events.

6.      CSOSDT's recent OLED demonstrations reflect the pace of that innovation, having presented at various mobile OLED and smartphone-oriented display conferences, including Mobile World Congress, where the world's first mobile display concepts under CSOSDT's APEX technology framework is showcased.  Indeed, at various global events and conferences this year, including Display Technology Conference 2025 and the Society for Information Display's Display Week, CSOT and CSOSDT publicly showcased multiple OLED advances, including Real RGB OLED concepts reported at very high pixel densities for near eye and extended reality use cases, and a Real Stripe RGB OLED smartphone display prototype reported as first-of-its-kind in pixel architecture and clarity for inkjet-printed OLED.  These innovations are only examples; yet, they confirm CSOSDT and CSOT as pioneers and industry leaders in OLED display technology.

7.      CSOSDT is not only advancing OLED process technology; it is also a key supplier of high-performance OLED smartphone displays, including flexible active matrix OLED ("FAMOLED") panels and modules designed for modern flagship-product requirements such as high brightness, high refresh rates, tight power budgets, thin form factors, and

3

demanding reliability targets.

8.     CSOSDT has demonstrated supplier grade performance in the smartphone OLED segment by consistently translating advanced OLED designs into panels that major handset brands use at scale.  For example, CSOSDT supplies OLED panels to multiple major handset brands, including for flagship and foldable smartphone products where demanding requirements for yield stability, color uniformity, brightness, power efficiency, and long-term reliability must be met in high volume production.

9.     On information and belief, Samsung Display is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 1, Samsung-ro, Giheung-gu, Yongin-si, Gyeonggi-do, 17113, Republic of Korea.

10.     On information and belief, Samsung Display was founded in 2012.  It has benefitted by incorporating innovations pioneered and developed by CSOT and CSOSDT into its OLED display panels, modules and devices that are covered by the Asserted Patents.

11.     The relevant Samsung Display OLED display panels, modules and devices include those made, used, tested, marketed, sold, offered for sale, or imported by, or on behalf of, Defendants, such as, without limitation, Samsung Display's "OLED Display" product offerings (*see, e.g.*, Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026)), as well as other substantially similar display panels, modules, and devices that are or were designed, developed, made, used, marketed, sold, offered for sale, and/or imported by Defendant Samsung Display (collectively, the "Accused OLED Display Panels").

12.     On information and belief, Samsung Display makes, imports, sells, and offers to sell and/or collaborates with its subsidiaries and/or affiliates to operate as a unitary business

4

venture to manufacture, import, offer to sell, and/or sell the Accused OLED Display Panels in the United States, including within this District.  On information and belief, some of the Accused OLED Display Panels are incorporated into various finished or end consumer electronics products, systems and/or devices that are then used, distributed, sold, and/or offered for sale in the United States, or imported into the United States for use, distribution, sale, and/or offer for sale throughout the United States, including within this District; while other Accused OLED Display Panels are imported, supplied, distributed, sold and/or offered for sale as new or replacement parts.

13.    Consumer electronics products systems and/or devices that incorporate Accused OLED Display Panels include, without limitation, mobile products and devices, such as the Google Pixel 8 series phone (e.g., Pixel 8, Pixel 8a and Pixel 8 Pro), Pixel 9 series phones (e.g., Pixel 9, Pixel 9a, Pixel 9 Pro, Pixel 9 Pro XL and Pixel 9 Pro Fold) and Pixel 10 series phones (e.g., Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, and Pixel 10 Pro Fold), and similar products, systems, and devices that incorporate the Accused OLED Display Panels, including computers, tablets, personal wear products, and/or other consumer electronics products.  Products, electronics and devices that incorporate the Accused OLED Display Panels, and which are made, used, sold, offered for sale, and/or imported into the United States by, or on behalf of, any Defendant are referred to herein as the "Accused Products."

14.    On information and belief, Walmart is a Delaware corporation with its principal place of business at 702 S.W. 8th Street Bentonville, AR 72716.  It maintains an established place of business at 1701 East End Boulevard North, Marshall, Texas 75670; 4006 Estes Parkway, Longview, Texas 75603; 515 East Loop 281, Longview, Texas 75605; 3812 Gilmer Road, Longview, Texas 75604; 2311 South Jefferson Avenue, Mt. Pleasant, Texas 75455; 105

East Centennial Boulevard, Lindale, Texas 75771; 450 South SE Loop 323, Tyler, Texas 75702; 3820 State Highway 64, Tyler, Texas 75704; 5050 Troup Highway, Tyler, Texas 75707; 6801 South Broadway Avenue, Tyler, Texas 75703; 4000 New Boston Road, Texarkana, Texas 75501; 401 East US Highway 82, Sherman, Texas 75092; 8801 Ohio Drive, Plano, Texas 75024; 2025 S SW Loop 323, Tyler, Texas 75701; 1670 West University Drive, McKinney, Texas 75069; and at 8621 Ohio Drive, Plano, Texas 75024.  Walmart may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

15.     On information and belief, Best Buy is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business located at 7601 Penn Avenue South Richfield, Minnesota.  On information and belief, Best Buy has a regular and established place of business in the Eastern District of Texas, including at 422 W Loop 281 STE 100, Longview, TX 75605.

16.     Defendants Walmart and Best Buy are established retail distribution channels for smartphones in the United States, including through their online storefronts accessible nationwide and through their respective brick and mortar retail footprints.  For example, both Walmart and Best Buy advertise, sell and offer to sell Accused Products through their online stores.

17.     On information and belief, Samsung Display, Walmart and Best Buy directly and indirectly make, use, sell, offer for sale, and import Accused Products throughout the United States, including within this District.  For example, Samsung Display places the Accused OLED Display Panels into the stream of commerce through their established distribution channels, with the knowledge and expectation that devices incorporating those panels will be sold to end users

in the United States, including in this District.

18.    For example, Walmart and Best Buy are part of Samsung Display's established retail distribution channels through which Accused Products incorporating the Accused OLED Display Panels are sold and offered for sale to customers in the United States, including in this District, through both brick and mortar retail locations and online sales platforms accessible in this District.  These distribution channels are intended to, and do in fact, deliver Accused Products to customers in this District in the ordinary course of commerce.

## JURISDICTION AND VENUE

19.    This action for patent infringement arises under the patent laws of the United States, Title 35 of the United States Code.

20.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.    The Court has personal jurisdiction over each Defendant consistent with the Texas Long Arm Statute.  This Court has personal jurisdiction over each Defendant in this action because, among other reasons, each Defendant has committed infringing acts within the Eastern District of Texas giving rise to this action and have established minimum contacts with the forum state of Texas.  Each Defendant conducts business in this District and maintains a regular and established places of business within this District.

22.    In addition, this Court has personal jurisdiction over each Defendant because each has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 and has placed the Accused OLED Display Panels and/or the Accused Products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Texas, including in this District.  Each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas; each Defendant regularly conducts business within

7

the State of Texas, including at least by virtue of the Accused OLED Display Panels and/or the Accused Products, which are, or were made, used, sold, and/or offered for sale in, or imported into, the State of Texas.  Further, this Court has general jurisdiction over each Defendant, including due to its continuous and systematic contacts with the State of Texas.  Further, on information and belief, each Defendant is further subject to the Court's jurisdiction because it has committed patent infringement in the State of Texas and in this District.

23.     In addition, Samsung Display has established minimum contacts with both the United States and Texas such that subjecting Samsung Display to personal jurisdiction in this District will not offend traditional notions of fair play and substantial justice.

24.     For example, on information and belief, Samsung Display imports, sells and offers to sell the Accused OLED Display Panels throughout the United States, Texas and this District, through major electronics retailers (including Best Buy and Walmart) and authorized service centers in North America, and/or in concert and partnership with other third parties who import, sell or offer to sell products, such as, without limitation, finished or end consumer electronics products, systems and devices that use or incorporate the Accused OLED Display Panels.

25.     By way of example, according to its website, Samsung Display operates several "sales network" offices in the United States, including in Austin, Houston, Seattle, San Jose, and San Diego in order to sell, offer to sell, or distribute the Accused OLED Display Panels for incorporation into finished or end consumer electronics products that are sold or offered for sale within, or imported into, the United States and in this District.  (*See, e.g.*, Ex. 21, https://www.samsungdisplay.com/eng/intro/loc-global.jsp#anchor (last accessed March 19, 2026).).

26.     On information and belief, Samsung Display conducts a significant amount of business in Texas and this District through online sales and advertisements directly to consumers, through product sales by Samsung Display's distributors and resellers, and in concert and partnership with third parties.

27.     Furthermore, personal jurisdiction over Samsung Display in this action comports with due process.  Samsung Display has conducted and regularly conducts business within the United States and this District.  Samsung Display has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in the State of Texas and this District.  Samsung Display has sought protection and benefit from the laws of the State of Texas by making the Accused OLED Display Panels that infringe the Asserted Patents with the awareness and/or intent that they will be purchased and used by, or sold to, consumers; or incorporated for use, sale, offer for sale or imported in or into this District.  Having purposefully availed itself of the privilege of conducting business within this District, Samsung Display should reasonably and fairly anticipate being brought into court here.

28.     For example, Samsung Display has further availed itself of the laws and protections of the United States and Texas by knowingly supplying, or contracting to supply, the Accused OLED Display Panels for incorporation into Accused Products to be sold, offered for sale, imported, and/or used in the United States, Texas, and this District.

29.     In addition, Samsung Display has purposely availed itself of the laws and protections of the United States and Texas by filing multiple civil actions for purported patent infringement relating to OLED displays in this same District.  *See, e.g., Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00412 (E.D. Tex. Apr. 17, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv-00426 (E.D.

9

Tex. Apr. 21, 2025); *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al.*, 2:25-cv00430 (E.D. Tex. Apr. 23, 2025); and *Samsung Display Co., Ltd. v. BOE Technology Group Co., LTD., et al*. 2:23-cv00309 (E.D. Tex. Jun. 26, 2023).

30.     Additionally, Samsung Display has targeted the United States and Texas by conducting regular business therein and has placed and continues to place its products, including the Accused OLED Display Panels, into the stream of commerce through an established distribution channel (such as through Walmart and/or Best Buy) with the expectation or knowledge that its products will be purchased by consumers in the United States, Texas, and this District.

31.     For example, on information and belief, Samsung Display places the Accused OLED Display Panels into the stream of commerce by manufacturing and selling, and offering for sale, those OLED display panels for use in finished or end consumer electronics products, including smartphones, that are distributed broadly in and across the United States, including through national retailers such as Walmart and Best Buy.  Samsung Display touts itself as a company "leading the global small- and medium-size display market" (*see, e.g.*, Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026)), and therefore reasonably understands and expects that finished or end consumer electronics products (including the Accused Products) incorporating the Accused OLED Display Panels will be distributed and sold widely in the United States, including Texas and this District, through major retail channels, such as Walmart and Best Buy.

32.     As another example, on information and belief, Samsung Display participates in a nationwide authorized repair ecosystem in which the Accused OLED Display Panels are supplied or distributed not only through original device manufacturing channels, but also through

authorized service channels for screen replacement, repair and installation, including authorized service channels through its parents (e.g., Samsung SDI Co., Ltd.), affiliates (e.g., Samsung Electronics America) and/or subsidiaries, as well as authorized service centers in the United States, Texas, and this District.  (*See* Ex. 23, "Service centers near you," *available at* https://www.samsung.com/us/support/service/locations/?product=N0002112&zip=75023 (showing "Authorized Service Centers" that include "Samsung Experience Store" located at 2601 Preston Rd Suite 1214, Frisco, TX," "Samsung Care" located at "3580 Preston Road Suite 100 Frisco, TX"; "uBreakiFix by Asurion Store #239" located at "6205 Coit Rd., Suite 336 Plano, TX"; and "uBreakiFix by Asurion Store #150" located at "1201 E Spring Crk Pkwy Suite C-130 Plano, TX") (last accessed March 19, 2026).)

33.     For example, Samsung Display partners with its parents, affiliates, subsidiaries (e.g., through the Samsung Experience Stores located across the United States, Texas, and in this District; (*see, e.g.*, Ex. 8,  "Samsung Experience Store Stonebriar Centre" located at 2601 Preston Road, Frisco, TX 75034; *available at* https://www.samsung.com/us/store/stonebriar-centre/ (last accessed March 19, 2026); and/or private entities such as uBreakiFix Co. by Asurion, LLC. ("uBreakiFix," which operates stores in and across the United States, Texas, and in this District, such as Frisco, Tyler, and Plano; *see, e.g.* Ex. 9, uBreakiFix's "Texas store locations," *available at* https://www.ubreakifix.com/store-locator/tx (last accessed March 19, 2026) as authorized service providers, as well as other independent service centers and providers that are published online, including via the "Service centers near you" link provided above, with Samsung Display-trained technicians performing repair, replacement and/or installation, including OLED display repair, replacement and/or installation, using genuine Samsung Display-supplied display panels and modules, including the Accused OLED Display Panels.

34.     As another example, on information and belief, Walmart offers, hosts, or facilitates in store device repair and replacement services through third-party vendors operating inside its retail stores, including locations branded as The Fix operated by The Fix Franchise LLC.  These locations that operate inside Walmart's retail stores include "The Fix in Walmart Longview," "The Fix in Walmart Plano," and "The Fix in Walmart McKinney."  These locations advertise repair and replacement services for mobile devices, including screen repair and related work that include the Accused Products incorporating the Accused OLED Display Panels.  (*See, e.g.*, Ex. 10, Find a Store | The Fix Locations Nationwide, *available at* https://thefixsolutions.com/location (last accessed March 19, 2026); *see also* Ex. 11, Phone Repair - Walmart Longview - The Fix Solutions, available at https://thefixsolutions.com/store/walmart-longview (last accessed March 19, 2026).)

35.     Given this authorized service model, Samsung Display reasonably expects that the Accused OLED Display Panels it manufactures and supplies will be shipped into, stocked in, and installed through authorized repair centers located across the United States, including within Texas and within this District, as part of routine screen repair, replacement and installation services, such as at 6721 S Broadway Ave., Suite 100, Tyler Texas 75703, via uBreakiFix.  (*See e.g.*, Ex. 12, uBreakiFix's "Find nearby stores," *available at* https://www.ubreakifix.com/store-locator/find-stores?location=Tyler%2C+TX (last accessed March 19, 2026).)

36.     Accordingly, the Accused Products include the Accused OLED Display Panels themselves when supplied or distributed through authorized service channels, whether incorporated into finished or end consumer electronics products before retail sale or later installed as replacement parts during authorized repair, warranty, or service activities.

37.     Similarly, this Court has personal jurisdiction over Walmart and Best Buy in this

12

action because they have, directly or through agents and/or intermediaries, committed acts of infringement within this District giving rise to this action, have a regular and established business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendants Walmart and Best Buy would not offend traditional notions of fair play and substantial justice.

38.     For example, Walmart and Best Buy, directly and/or through their subsidiaries or intermediaries, conduct their business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in Texas and this District, regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to individuals in Texas, and committing acts of infringement in this District by, among other things, importing, selling and/or offering for sale the Accused Products incorporating the Accused OLED Display Panels in the United States.  Walmart and Best Buy, directly and/or through their subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in this District.  These products and/or services have been and continue to be purchased and used in this District.

39.     Venue as to Samsung Display is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b), and Fed. R. Civ. P. 4(k), at least because Samsung Display is a foreign corporation and is subject to personal jurisdiction in this District, and because acts complained of herein have occurred in this District.  In particular, Samsung Display, either directly or through intermediaries (including distributors, retailers, and others) and/or through subsidiaries, alter egos, and/or agents, imports, ships, distributes, offers for sale, and/or sells in the United States

13

and in this District OLED display panels and modules, including the Accused OLED Display Panels, and/or facilitates the incorporation of the Accused OLED Display into finished or end consumer electronics products, including the Accused Product, that are then imported into, or sold or offered for sale in, the United States.

40.    For example, Samsung Display has purposefully and voluntarily placed the Accused OLED Display Panels into the stream of commerce, including by supplying the Accused OLED Display Panels for incorporation into finished or end consumer devices and/or by distributing them through replacement and service channels (as discussed above), with the awareness and/or intent that the Accused Products incorporating the Accused OLED Display Panels would be sold, offered for sale, shipped, imported, and/or used in the United States, including in this District.  As a result, the Accused Products, and the Accused OLED Display Panels incorporated into and/or used by those Accused Products, have been, and continue to be, purchased, imported, shipped, and used by consumers and businesses in this District.

41.    Similarly, venue as to Walmart and Best Buy is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).  For example, Walmart has committed acts of direct and indirect infringement in this District by, among other things, using, offering to sell, and selling consumer electronics products (including the Accused Products), services, or systems that infringe the Asserted Patents.  Walmart has numerous regular and established places of business in this District, including at 1701 East End Boulevard North, Marshall, Texas 75670; 4006 Estes Parkway, Longview, Texas 75603; 515 East Loop 281, Longview, Texas 75605; 3812 Gilmer Road, Longview, Texas 75604; 2311 South Jefferson Avenue, Mt. Pleasant, Texas 75455; 105 East Centennial Boulevard, Lindale, Texas 75771; 450 South SE Loop 323, Tyler, Texas 75702; 3820 State Highway 64, Tyler, Texas 75704; 5050 Troup Highway, Tyler, Texas 75707; 6801

14

South Broadway Avenue, Tyler, Texas 75703; 4000 New Boston Road, Texarkana, Texas 75501; 401 East US Highway 82, Sherman, Texas 75092; 8801 Ohio Drive, Plano, Texas 75024; 2025 S SW Loop 323, Tyler, Texas 75701; 1670 West University Drive, McKinney, Texas 75069; and at 8621 Ohio Drive, Plano, Texas 75024.  Walmart may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

42.    Similarly, Best Buy has committed acts of direct and indirect infringement in this District by, among other things, using, offering to sell, and selling consumer electronics products (including the Accused Products), services, or systems that infringe the Asserted Patents.  Best Buy has one or more regular and established places of business in this District, including at 422 W Loop 281, Longview, TX 75605.

43.    Further, on information and belief, similar to Samsung Display, Walmart and Best Buy have admitted or not contested proper venue in this District in other patent infringement actions.

## THE ASSERTED PATENTS

44.    On October 29, 2024, the United States Patent and Trademark Office ("USPTO") duly and legally issued the ' 429 patent, with a filing date of Mar. 22, 2022, and entitled "Display Panel and Display Device."  A copy of the '429 patent is attached hereto as Ex. 1.

45.    Plaintiff owns all substantial right, title, and interest in the ' 429 patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

46.    On April 9, 2024, the USPTO duly and legally issued the '031 patent, with a filing date of May 31, 2021, and entitled "Display Device."  A copy of the '031 patent is attached hereto as Ex. 2.

15

47.    Plaintiff owns all substantial right, title, and interest in the '031 patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

48.    On Feb. 22, 2022, the USPTO duly and legally issued the '891 patent, with a filing date of Sept. 28, 2018, and entitled "Display Panel."  A copy of the '891 patent is attached hereto as Ex. 3.

49.    Plaintiff owns all substantial right, title, and interest in the '891 patent, and holds the right to sue and recover damages for infringement thereof, including past infringement.

**COUNT I - INFRINGEMENT OF U.S. PATENT NO. 12,133,429**

50.    Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

51.    The '429 patent is directed to a display panel, comprising, as one example, a display region and a non-display region disposed on at least one side of the display region, wherein the display panel comprises: a substrate; a shielding layer located on the substrate, wherein the shielding layer comprises a plurality of shielding blocks and a converging wire electrically connected to the plurality of shielding blocks, and the converging wire is located on at least one side of the plurality of shielding blocks; a pixel driving circuit layer located on the shielding layer, wherein the pixel driving circuit layer comprises a plurality of pixel driving circuits located in the display region, each of the plurality of pixel driving circuits at least partially overlaps a corresponding one of the shielding blocks; and a plurality of power supply lines disposed on a side of the shielding layer away from the substrate, wherein the plurality of power supply lines are electrically connected to the converging wire through a plurality of through holes, and wherein the converging wire between two adjacent ones of the plurality of through holes is disposed according to a shortest distance between the two adjacent through

holes.

52.    Defendants have and continue to directly infringe at least claim 1 of the '429 patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing into the United States, without authority or license, products that infringe at least claim 1 of the '429 patent.  Specifically, Samsung Display has committed acts of direct infringement under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing OLED display panels and modules that infringe at least claim 1 of the '429 patent, including the Accused OLED Display Panels.  Similarly, Defendants Walmart and Best Buy have committed acts of direct infringement under 35 U.S.C. § 271(a) by selling, offering to sell, and/or importing consumer electronics devices, including Accused Products, that incorporate and/or use the Accused OLED Display Panels.

53.    The Accused OLED Display Panels include, for example, OLED display panels, modules, and devices that are made, used, tested, marketed, sold, offered for sale, or imported by, or on behalf of, Defendants, such as, without limitation, Samsung Display's "OLED Display" product offerings.  (*See, e.g.*, Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026).)

54.    Infringing consumer electronics products systems and/or devices include, without limitation, consumer electronics products and devices, including Accused Products, such as the Google Pixel 8 series phone (e.g., Pixel 8, Pixel 8a and Pixel 8 Pro), Pixel 9 series phones (e.g., Pixel 9, Pixel 9a, Pixel 9 Pro and Pixel 9 Pro XL) and Pixel 10 series phones (e.g., Pixel 10, Pixel 10 Pro and Pixel 10 Pro XL) (including all models and versions), and products, systems, and/or devices that incorporate Accused OLED Display Panels similar to those in such products

17

(the "'429 Accused Products"). To the extent the Accused OLED Display Panels are also incorporated or used in other Google or non-Google, Pixel or non-Pixel, finished or end products not identified herein, the Accused Products also include such products.

55.    On information and belief, Samsung Display, either directly or through its affiliates, subsidiaries, agents, distributors, or other representatives, sells and/or offers for sale the Accused OLED Display Panels in the United States and/or imports the Accused OLED Display Panels into the United States. On information and belief, Samsung Display supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to United States based commercial and business entities for sale, resale, incorporation, and distribution in connection with consumer devices and related components including the '429 Accused Products, and including as new or replacement parts. On information and belief, Samsung Display also supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to entities in the consumer electronics supply chain for testing, evaluation, qualification, and/or incorporation into finished or end consumer electronics products, including the '429 Accused Products, that are used, sold, and/or offered for sale in the United States and/or imported into the United States.

56.    On information and belief, as recently as October 23, 2025, Samsung Display imported certain OLED display panels and modules, including the Accused OLED Display Panels, into the United States through established logistics channels. For example, public shipping manifest data reflects a shipment identifying Samsung Display as the shipper of "flat panel display modules . . . of organic light emitting diodes (OLED)," transported by vessel from Pusan, South Korea, with port of unlading at Long Beach, California, and a listed port of destination at Otay Mesa, California. The record reflects a containerized shipment (container number ONEU0850206) with a stated weight of approximately 8,754 kilograms (approximately

19,300 pounds).  (*See, e.g.*, Ex. 13, Samsung Display Co. Ltd. Importation Data, *available at* https://www.importinfo.com/samsung-display-co-ltd (last accessed March 19, 2026).)

57.     Discovery is expected to uncover the full extent of each of Defendants' infringement of the '429 patent, including and beyond the '429 Accused Products already identified herein.

58.     On information and belief, each Defendant Samsung Display has directly infringed and continues to infringe at least claim 1 of the '429 patent literally and/or under the doctrine of equivalents, by importing into the United States, and/or using, and/or selling, and/or offering for sale in the United States, without authority or license, the Accused OLED Display Panels and/or the '429 Accused Products, in violation of 35 U.S.C. § 271(g).  On information and belief, Samsung Display imports the Accused OLED Display Panels and/or the '429 Accused Products into the United States for sale and distribution to customers located in the United States, and each Defendant sells and/or offers for sale the Accused OLED Display Panels and/or the '429 Accused Products through their own sales channels and/or through distributors and retailers, including through sales, marketing, and contracting activity directed to U.S. customers and end users.

59.     On information and belief, at least as of the time of the filing of this Complaint, Samsung Display has induced and continues to induce others to infringe at least claim 1 of the '429 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Samsung Display's new, current, and prospective users, partners, customers and other third parties (as well as Walmart and Best Buy), whose sale, offer for sale, and/or use of the '429 Accused Products constitutes to directly infringe  at least claim 1 of the '429 patent.

19

60.    Through at least the filing and service of this Complaint, Samsung Display has had knowledge of the '429 patent and the infringing nature of the '429 Accused Products. Despite this knowledge of the '429 patent, on information and belief, Samsung Display continues to actively encourage and instruct its customers and end users to use the '429 Accused Products in ways that directly infringe the '429 patent.  Samsung Display does so knowing and intending that its customers and end users will commit these infringing acts.  Samsung Display also continues to make, use, offer for sale, sell, and/or import the '429 Accused Products, despite its knowledge of the '429 patent, thereby specifically intending for and inducing its direct or indirect customers (both business and consumer) to infringe the '429 patent through the customers' normal and customary sale, offer for sale, and/or use of the '429 Accused Products. Upon information and belief, Samsung Display makes, uses, offers for sale, sells and/or imports the Accused OLED Display Panels to customers, such as Google LLC, who integrate the Accused OLED Display Panels into the '429 Accused Products for sale to businesses, customers, and end users.

61.    In particular, Samsung Display's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the Accused OLED Display Panels and/or the '429 Accused Products.  On information and belief, Samsung Display has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because Samsung Display has had actual knowledge of the '429 patent and knowledge that its acts were inducing infringement of the '429 patent since at least as of the filing date of this Complaint.

62.    For example, Samsung Display actively promotes the sale, use, and importation of the Accused OLED Display Panels in marketing materials, technical specifications, data sheets,

web pages on its website (e.g., Ex. 22, "OLED Display," *available at*

https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026)

and Ex. 14, "Your Device Smartphone OLED," *available at*

https://oledera.samsungdisplay.com/eng/smartphone-oled/ (last accessed March 19, 2026), press

releases, training tutorials, development and design tools, user manuals, and developer forums as

well as at trade shows (e.g., the Consumer Technology Association's Consumer Electronics

Show ("CES") and AWE USA, COMPUTEX, Display Week and MWC; *see, e.g.*, Ex. 15,

"Samsung Display Showcasing World's Most Advanced OLED Techs in COMPUTEX Debut,"

*available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp (last

accessed March 19, 2026) and Ex. 16, "Samsung Display's Smartphone OLED Earns the

Highest 2,000 Nit Luminance Mark," *available at*

https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp (last accessed

March 19, 2026); *see also generally* Ex. 17 at

https://www.samsungdisplay.com/eng/media/news/index.jsp (last accessed March 19, 2026)

(listing a series of exhibitions with Samsung Display showcasing the Accused OLED Display

Panels)) and through its sales and distribution channels that encourage infringing uses, sales,

offers to sell, and importation of Accused OLED Display Panels and/or the '429 Accused

Products.

63.    As another example, on information and belief, Samsung Display's

representatives travel to customer sites in the United States for sales and support activities that

include working with customers to facilitate these customers' infringing testing, marketing,

importation, and sales activities.  On information and belief, Samsung Display supplies

customers with the Accused OLED Display Panels so that they may be used, tested and/or

incorporated by those customers into finished or end consumer electronics products, including the '429 Accused Products for sale or offer for sale in and outside the United States.  For example, on information and belief, Samsung Display provides original equipment to manufacturers and electronic manufacturing service providers.

64.     On information and belief, this provision of products includes sales to customers in and outside the United States, including Google LLC.  Samsung Display additionally provides a wide range of technical support to customers, including OLED-specific technical support. (*See, e.g.*, Ex. 18, Samsung Display's "Customer Service," *available at* https://samsungdisplay.com/eng/customer/voc.jsp (last accessed March 19, 2026).)

65.     Samsung Display also promotes, publicly on its website, uses of the Accused OLED Display Panels by customers in the United States.  For example, Samsung Display has launched "OLED finder" allowing the general public to help customers identify Samsung OLED-equipped products, including products equipped with Accused OLED Display Panels, for example by smartphone brand and model name, including the '429 Accused Products.  (*See, e.g.*, Ex. 19, "Samsung Display Launches 'OLED Finder' Website Identifying Samsung OLED-equipped Products," *available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp (last accessed March 19, 2026); *see also* Ex. 20, Samsung Display's OLED Finder, "OLED or NOT Are you using OLED?," *available at* https://oledera.samsungdisplay.com/eng/oledfinder/ (last accessed March 19, 2026).)

66.     On information and belief, Samsung Display assists third parties, directly and/or through intermediaries, in the development and manufacture of '429 Accused Products, and provides technical support and supports the sales of '429 Accused Products.

67.     On information and belief, at least as of the filing date of this Complaint, Samsung Display also has induced and continues to induce third parties with specific intent or willful blindness to import, make, use, sell, and/or offer to sell '429 Accused Products that include the Accused OLED Display Panels or similar display panels (e.g., with similar material technical structural and functional features) whose manufacture, use, sale, offer for sale, and/or importation constitutes direct infringement of at least claim 1 of the '429 patent.

68.     On information and belief, Accused OLED Display Panels and/or '429 Accused Products are imported into the United States for use, sale, and/or offer for sale in this District and throughout the United States.

69.     On information and belief, to the extent any entity other than Samsung Display, including but not limited to any of Samsung Display's affiliates or other third-party importers, imports Accused OLED Display Panels and/or '429 Accused Products into the United States for, or on behalf, of Samsung Display ("Non-Party Importer"), Samsung Display is liable for inducement of infringement by the Non-Party Importer at least as of the filing date of this Complaint.  At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Importer to infringe the '429 patent and intended that it do so.  This encouragement includes at least ordering or instructing the Non-Party Importer to import the Accused OLED Display Panels and/or the '429 Accused Products into the United States, providing directions and other materials to the Non-Party Importer to enable such importation, and/or conditioning the receipt of benefits (included but not limited to payment) to the Non-Party Importer on such importation.  On information and belief, this behavior has continued since Samsung Display first became aware of the '429 patent and the infringement thereof.

70.     On information and belief, to the extent any entity other than Samsung Display, including but not limited to any of Samsung Display's original equipment manufacturers, uses the Accused OLED Display Panels to fabricate or manufacture the '429 Accused Products in the United States for, or on behalf of, Samsung Display ("Non-Party Manufacturer"), such as, without limitation, Google LLC, Samsung Display is liable for inducement of infringement by such Non-Party Manufacturer at least as of the filing date of this Complaint.  At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Manufacturer to infringe the '429 patent and intended that it do so.

71.     Samsung Display has benefitted and continues to benefit from the importation into the United States of Accused OLED Display Panels and/or '429 Accused Products.

72.      On information and belief, at least as of the filing of this Complaint, Samsung Display has contributed to, continues to contribute to, and is liable for contributory infringement of at least claim 1 of the '429 patent pursuant to 35 U.S.C. § 271(c) by providing the Accused OLED Display Panels that have contributed to, and continue to contribute to, the direct infringement by new, current, and prospective users, partners, customers, and other third parties. Samsung Display has done so with knowledge, at least as of the filing of this Complaint, that the Accused OLED Display Panels are especially made or adapted for use in an infringement of the '429 patent.

73.     For example, on information and belief, at least as of the filing of this Complaint, Samsung Display supplies the Accused OLED Display Panels to entities in the consumer electronics supply chain for evaluation, testing, qualification, integration, assembly, and distribution in connection with OLED-equipped mobile devices and related replacement parts, and Samsung Display further sells and offers to sell Accused OLED Display Panels into

24

downstream commercial channels for incorporation into finished or end consumer electronics products, which are then sold to and used by end users in the United States.  Such Accused OLED Display Panels are material components or apparatuses for use in practicing the '429 patent and are not staple articles of commerce suitable for substantial non infringing use.

74.    For example, Accused OLED Display Panels comprise an OLED display panel in accordance with the claimed invention(s).  At least as of the filing of this Complaint, Samsung Display has supplied, and continues to supply, Accused OLED Display Panels, or components or apparatuses thereof, with knowledge of the '429 patent and with knowledge that these components or apparatuses practice claimed inventions of the '429 patent, including the invention of claim 1.  Moreover, at least as of the filing of this Complaint, Samsung Display has known, at least by virtue of its knowledge of its own products and services and the '429 patent, that Accused OLED Display Panels are especially made and/or especially adapted for use as claimed in the '429 patent and there is no substantial non-infringing use of such Accused OLED Display Panels, or components or apparatuses thereof.

75.    Attached hereto as Ex. 4, and incorporated by reference herein, is a claim chart detailing how the '429 Accused Products incorporating Accused OLED Display Panels satisfy each element of at least claim 1 of the '429 patent, literally or under the doctrine of equivalents.

76.    On information and belief, neither the Accused OLED Display Panels nor the '429 Accused Products are materially changed by subsequent processes or become trivial and nonessential components of another product.

77.    Each Defendant has directly and/or indirectly infringed the '429 patent and is thus liable for infringement of the '429 patent pursuant to 35 U.S.C. § 271.

78.    Plaintiff has suffered, and continue to suffer, damages as a result of each

Defendant's infringement of the '429 patent.

79. On information and belief, each Defendant has continued to infringe the '429 patent since at least as of the filing date of this Complaint, despite being on notice of the '429 patent and its infringement and aware of the information set forth in this Complaint (including the Exhibits thereto). Each Defendant has therefore infringed the '429 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least as of the filing date of this Complaint, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and/or indirect infringement. As a result of at least this conduct, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

80. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case. Plaintiff shall not be estopped or otherwise limited or restricted for purposes of its infringement contentions or its proposed claim constructions by the claim charts that it provides with this Complaint. Plaintiff intends the claim chart for the '429 patent (Ex. 4) only to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The '429 patent claim chart does not constitute, nor shall it limit, Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 11,957,031

81. Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

82. The '031 patent is directed to, as one example, a display device, comprising: a flexible screen body comprising a planar area and a bending area connected to the planar area; a color filter disposed on the flexible screen body and at least covering the planar area; a protective

26

layer disposed on the flexible screen body and at least covering a part of the bending area; and a coverplate disposed on the color filter and at least covering the planar area; wherein in an overlapping area of the protective layer and the coverplate, a distance between the protective layer and the coverplate is greater than or equal to a default value, and wherein the default value is greater than 0.

83.     Defendants have and continue to directly infringe at least claim 1 of the '031 patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing into the United States, without authority or license, products that infringe at least claim 1 of the '031 patent.  Specifically, Samsung Display has committed acts of direct infringement under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing OLED display panels and modules that infringe at least claim 1 of the '031 patent, including the Accused OLED Display Panels.  Similarly, Defendants Walmart and Best Buy have committed acts of direct infringement under 35 U.S.C. § 271(a) by selling, offering to sell, and/or importing consumer electronics devices, including Accused Products, that incorporate and/or use the Accused OLED Display Panels.

84.     The Accused OLED Display Panels include, for example, OLED display panels, modules, and devices that are made, used, tested, marketed, sold, offered for sale, or imported by, or on behalf of, Defendants, such as, without limitation, Samsung Display's "OLED Display" product offerings.  (*See, e.g.*, Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026).)

85.     Infringing consumer electronics products systems and/or devices include, without limitation, consumer electronics products and devices, including Accused Products, such as the

27

Pixel 9 Pro Fold and Pixel 10 Pro Fold, and products, systems, and/or devices that incorporate Accused OLED Display Panels similar to those in such products (the "'031 Accused Products").

86.    On information and belief, Samsung Display, either directly or through its affiliates, subsidiaries, agents, distributors, or other representatives, sells and/or offers for sale the Accused OLED Display Panels in the United States and/or imports the Accused OLED Display Panels into the United States.  On information and belief, Samsung Display supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to United States based commercial and business entities for sale, resale, incorporation, and distribution in connection with consumer devices and related components including the '031 Accused Products, and including as new or replacement parts.  On information and belief, Samsung Display also supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to entities in the consumer electronics supply chain for testing, evaluation, qualification, and/or incorporation into finished or end consumer electronics products, including the '031 Accused Products, that are used, sold, and/or offered for sale in the United States and/or imported into the United States.

87.    On information and belief, as recently as October 23, 2025, Samsung Display imported certain OLED display panels and modules, including the Accused OLED Display Panels, into the United States through established logistics channels.  For example, public shipping manifest data reflects a shipment identifying Samsung Display as the shipper of "flat panel display modules . . . of organic light emitting diodes (OLED)," transported by vessel from Pusan, South Korea, with port of unlading at Long Beach, California, and a listed port of destination at Otay Mesa, California.  The record reflects a containerized shipment (container number ONEU0850206) with a stated weight of approximately 8,754 kilograms (approximately

28

19,300 pounds).  (*See, e.g.*, Ex. 13, Samsung Display Co. Ltd. Importation Data, *available at* https://www.importinfo.com/samsung-display-co-ltd (last accessed March 19, 2026).)

88.     Discovery is expected to uncover the full extent of each of Defendants' infringement of the '031 patent, including and beyond the '031 Accused Products already identified herein.

89.     On information and belief, each Defendant Samsung Display has directly infringed and continues to infringe at least claim 1 of the '031 patent literally and/or under the doctrine of equivalents, by importing into the United States, and/or using, and/or selling, and/or offering for sale in the United States, without authority or license, the Accused OLED Display Panels and/or the '031 Accused Products, in violation of 35 U.S.C. § 271(g).  On information and belief, Samsung Display imports the Accused OLED Display Panels and/or the '031 Accused Products into the United States for sale and distribution to customers located in the United States, and each Defendant sells and/or offers for sale the Accused OLED Display Panels and/or the '031 Accused Products through their own sales channels and/or through distributors and retailers, including through sales, marketing, and contracting activity directed to U.S. customers and end users.

90.     On information and belief, at least as of the time of the filing of this Complaint, Samsung Display has induced and continues to induce others to infringe at least claim 1 of the '031 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Samsung Display's new, current, and prospective users, partners, customers and other third parties (as well as Walmart and Best Buy), whose sale, offer for sale, and/or use of the '031 Accused Products constitutes to directly infringe  at least claim 1 of the '031 patent.

91.     Through at least the filing and service of this Complaint, Samsung Display has had knowledge of the '031 patent and the infringing nature of the '031 Accused Products. Despite this knowledge of the '031 patent, on information and belief, Samsung Display continues to actively encourage and instruct its customers and end users to use the '031 Accused Products in ways that directly infringe the '031 patent.  Samsung Display does so knowing and intending that its customers and end users will commit these infringing acts.  Samsung Display also continues to make, use, offer for sale, sell, and/or import the '031 Accused Products, despite its knowledge of the '031 patent, thereby specifically intending for and inducing its direct or indirect customers (both business and consumer) to infringe the '031 patent through the customers' normal and customary sale, offer for sale, and/or use of the '031 Accused Products. Upon information and belief, Samsung Display makes, uses, offers for sale, sells and/or imports the Accused OLED Display Panels to customers, such as Google LLC, who integrate the Accused OLED Display Panels into the '031 Accused Products for sale to businesses, customers, and end users.

92.     In particular, Samsung Display's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the Accused OLED Display Panels and/or the '031 Accused Products.  On information and belief, Samsung Display has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because Samsung Display has had actual knowledge of the '031 patent and knowledge that its acts were inducing infringement of the '031 patent since at least as of the filing date of this Complaint.

93.     For example, Samsung Display actively promotes the sale, use, and importation of the Accused OLED Display Panels in marketing materials, technical specifications, data sheets,

web pages on its website (e.g., Ex. 22, "OLED Display," *available at*

https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026)

and Ex. 14, "Your Device Smartphone OLED," *available at*

https://oledera.samsungdisplay.com/eng/smartphone-oled/ (last accessed March 19, 2026), press

releases, training tutorials, development and design tools, user manuals, and developer forums as

well as at trade shows (e.g., the Consumer Technology Association's Consumer Electronics

Show ("CES") and AWE USA, COMPUTEX, Display Week and MWC; *see, e.g.*, Ex. 15,

"Samsung Display Showcasing World's Most Advanced OLED Techs in COMPUTEX Debut,"

*available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp (last

accessed March 19, 2026) and Ex. 16, "Samsung Display's Smartphone OLED Earns the

Highest 2,000 Nit Luminance Mark," *available at*

https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp (last accessed

March 19, 2026); *see also generally* Ex. 17 at

https://www.samsungdisplay.com/eng/media/news/index.jsp (last accessed March 19, 2026)

(listing a series of exhibitions with Samsung Display showcasing the Accused OLED Display

Panels)) and through its sales and distribution channels that encourage infringing uses, sales,

offers to sell, and importation of Accused OLED Display Panels and/or the '031 Accused

Products.

94.    As another example, on information and belief, Samsung Display's

representatives travel to customer sites in the United States for sales and support activities that

include working with customers to facilitate these customers' infringing testing, marketing,

importation, and sales activities.  On information and belief, Samsung Display supplies

customers with the Accused OLED Display Panels so that they may be used, tested and/or

31

incorporated by those customers into finished or end consumer electronics products, including the '031 Accused Products for sale or offer for sale in and outside the United States.  For example, on information and belief, Samsung Display provides original equipment to manufacturers and electronic manufacturing service providers.

95.     On information and belief, this provision of products includes sales to customers in and outside the United States, including Google LLC.  Samsung Display additionally provides a wide range of technical support to customers, including OLED-specific technical support. (*See, e.g.*, Ex. 18, Samsung Display's "Customer Service," *available at* https://samsungdisplay.com/eng/customer/voc.jsp (last accessed March 19, 2026).)

96.     Samsung Display also promotes, publicly on its website, uses of the Accused OLED Display Panels by customers in the United States.  For example, Samsung Display has launched "OLED finder" allowing the general public to help customers identify Samsung OLED-equipped products, including products equipped with Accused OLED Display Panels, for example by smartphone brand and model name, including the '031 Accused Products.  (*See, e.g.*, Ex. 19, "Samsung Display Launches 'OLED Finder' Website Identifying Samsung OLED-equipped Products," *available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp (last accessed March 19, 2026); *see also* Ex. 20, Samsung Display's OLED Finder, "OLED or NOT Are you using OLED?," *available at* https://oledera.samsungdisplay.com/eng/oledfinder/ (last accessed March 19, 2026).)

97.     On information and belief, Samsung Display assists third parties, directly and/or through intermediaries, in the development and manufacture of '031 Accused Products, and provides technical support and supports the sales of '031 Accused Products.

98. On information and belief, at least as of the filing date of this Complaint, Samsung Display also has induced and continues to induce third parties with specific intent or willful blindness to import, make, use, sell, and/or offer to sell' 031 Accused Products that include the Accused OLED Display Panels or similar display panels (e.g., with similar material technical structural and functional features) whose manufacture, use, sale, offer for sale, and/or importation constitutes direct infringement of at least claim 1 of the '031 patent.

99. On information and belief, Accused OLED Display Panels and/or '031 Accused Products are imported into the United States for use, sale, and/or offer for sale in this District and throughout the United States.

100. On information and belief, to the extent any entity other than Samsung Display, including but not limited to any of Samsung Display's affiliates or other third-party importers, imports Accused OLED Display Panels and/or '031 Accused Products into the United States for, or on behalf, of Samsung Display ("Non-Party Importer"), Samsung Display is liable for inducement of infringement by the Non-Party Importer at least as of the filing date of this Complaint. At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Importer to infringe the '031 patent and intended that it do so. This encouragement includes at least ordering or instructing the Non-Party Importer to import the Accused OLED Display Panels and/or the '031 Accused Products into the United States, providing directions and other materials to the Non-Party Importer to enable such importation, and/or conditioning the receipt of benefits (included but not limited to payment) to the Non-Party Importer on such importation. On information and belief, this behavior has continued since Samsung Display first became aware of the '031 patent and the infringement thereof.

101. On information and belief, to the extent any entity other than Samsung Display,

including but not limited to any of Samsung Display's original equipment manufacturers, uses the Accused OLED Display Panels to fabricate or manufacture the '031 Accused Products in the United States for, or on behalf of, Samsung Display ("Non-Party Manufacturer"), such as, without limitation, Google LLC, Samsung Display is liable for inducement of infringement by such Non-Party Manufacturer at least as of the filing date of this Complaint.  At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Manufacturer to infringe the '031 patent and intended that it do so.

102.    Samsung Display has benefitted and continues to benefit from the importation into the United States of Accused OLED Display Panels and/or '031 Accused Products.

103.    On information and belief, at least as of the filing of this Complaint, Samsung Display has contributed to, continues to contribute to, and is liable for contributory infringement of at least claim 1 of the '031 patent pursuant to 35 U.S.C. § 271(c) by providing the Accused OLED Display Panels that have contributed to, and continue to contribute to, the direct infringement by new, current, and prospective users, partners, customers, and other third parties. Samsung Display has done so with knowledge, at least as of the filing of this Complaint, that the Accused OLED Display Panels are especially made or adapted for use in an infringement of the '031 patent.

104.    For example, on information and belief, at least as of the filing of this Complaint, Samsung Display supplies the Accused OLED Display Panels to entities in the consumer electronics supply chain for evaluation, testing, qualification, integration, assembly, and distribution in connection with OLED-equipped mobile devices and related replacement parts, and Samsung Display further sells and offers to sell Accused OLED Display Panels into downstream commercial channels for incorporation into finished or end consumer electronics

products, which are then sold to and used by end users in the United States.  Such Accused OLED Display Panels are material components or apparatuses for use in practicing the '031 patent and are not staple articles of commerce suitable for substantial non infringing use.

105.    For example, Accused OLED Display Panels comprise an OLED display panel in accordance with the claimed invention(s).  At least as of the filing of this Complaint, Samsung Display has supplied, and continues to supply, Accused OLED Display Panels, or components or apparatuses thereof, with knowledge of the '031 patent and with knowledge that these components or apparatuses practice claimed inventions of the '031 patent, including the invention of claim 1.  Moreover, at least as of the filing of this Complaint, Samsung Display has known, at least by virtue of its knowledge of its own products and services and the '031 patent, that Accused OLED Display Panels are especially made and/or especially adapted for use as claimed in the '031 patent and there is no substantial non-infringing use of such Accused OLED Display Panels, or components or apparatuses thereof.

106.    Attached hereto as Ex. 5, and incorporated by reference herein, is a claim chart detailing how the '031 Accused Products incorporating Accused OLED Display Panels satisfy each element of at least claim 1 of the '031 patent, literally or under the doctrine of equivalents.

107.    On information and belief, neither the Accused OLED Display Panels nor the '031 Accused Products are materially changed by subsequent processes or become trivial and nonessential components of another product.

108.    Each Defendant has directly and/or indirectly infringed the '031 patent and is thus liable for infringement of the '031 patent pursuant to 35 U.S.C. § 271.

109.    Plaintiff has suffered, and continue to suffer, damages as a result of each Defendant's infringement of the '031 patent.

35

110.    On information and belief, each Defendant has continued to infringe the '031 patent since at least as of the filing date of this Complaint, despite being on notice of the '031 patent and its infringement and aware of the information set forth in this Complaint (including the Exhibits thereto).  Each Defendant has therefore infringed the '031 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least as of the filing date of this Complaint, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and/or indirect infringement.  As a result of at least this conduct, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

111.    Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case.  Plaintiff shall not be estopped or otherwise limited or restricted for purposes of its infringement contentions or its proposed claim constructions by the claim charts that it provides with this Complaint.  Plaintiff intends the claim chart for the '031 patent (Ex. 5) only to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The '031 patent claim chart does not constitute, nor shall it limit, Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 11,257,891

112.    Plaintiff incorporates and realleges the preceding paragraphs as if fully set forth herein.

113.    The '891 patent is directed to, as one example, a display panel, comprising: an active region and a non-display region, the non-display region disposed around the active region and extending to form a bending region, a fanout routing region, and a component disposing region; the component disposing region having a plurality of component connecting pads;

36

wherein a first section of a first power trace is disposed within the non-display region around the active region, the first section of the first power trace is connected to a second section of the first power trace disposed within the component disposing region, and the second section of the first power trace is connected to the plurality of component connecting pads; and a first section of a second power trace is disposed adjacent to the active region and disposed between the active region and the bending region, the first section of the second power trace is connected to a second section of the second power trace disposed within the component disposing region by at least a set of second connecting sub-traces disposed within the bending region, and the second portion of the second power trace is connected to the plurality of component connecting pads, wherein the first section of the second power trace is separately connected to the second section of the second power trace disposed within the component disposing region by two sets of the second connecting sub-traces passing through two sections of the bending region.

114. Defendants have and continue to directly infringe at least claim 1 of the '891 patent, in this judicial District and elsewhere in the United States, pursuant to 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by, among other things, making, using, selling, offering to sell, and/or importing into the United States, without authority or license, products that infringe at least claim 1 of the '891 patent. Specifically, Samsung Display has committed acts of direct infringement under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, and/or importing OLED display panels and modules that infringe at least claim 1 of the '891 patent, including the Accused OLED Display Panels. Similarly, Defendants Walmart and Best Buy have committed acts of direct infringement under 35 U.S.C. § 271(a) by selling, offering to sell, and/or importing consumer electronics devices, including Accused Products, that incorporate and/or use the Accused OLED Display Panels.

37

115.   The Accused OLED Display Panels include, for example, OLED display panels, modules, and devices that are made, used, tested, marketed, sold, offered for sale, or imported by, or on behalf of, Defendants, such as, without limitation, Samsung Display's "OLED Display" product offerings.  (*See, e.g.*, Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026).).

116.   Infringing consumer electronics products systems and/or devices include, without limitation, consumer electronics products and devices, including Accused Products, such as the Google Pixel 8 series phone (e.g., Pixel 8, Pixel 8a and Pixel 8 Pro), Pixel 9 series phones (e.g., Pixel 9, Pixel 9a, Pixel 9 Pro, Pixel 9 Pro XL and Pixel 9 Pro Fold) and Pixel 10 series phones (e.g., Pixel 10, Pixel 10 Pro, Pixel 10 Pro XL, and Pixel 10 Pro Fold), and products, systems, and/or devices that incorporate Accused OLED Display Panels similar to those in such products (the "'891 Accused Products").

117.   On information and belief, Samsung Display, either directly or through its affiliates, subsidiaries, agents, distributors, or other representatives, sells and/or offers for sale the Accused OLED Display Panels in the United States and/or imports the Accused OLED Display Panels into the United States.  On information and belief, Samsung Display supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to United States based commercial and business entities for sale, resale, incorporation, and distribution in connection with consumer devices and related components including the '891 Accused Products, and including as new or replacement parts.  On information and belief, Samsung Display also supplies, distributes, sells, and/or offers to sell the Accused OLED Display Panels to entities in the consumer electronics supply chain for testing, evaluation, qualification, and/or incorporation into finished or end consumer electronics products, including the '891 Accused Products, that are

38

used, sold, and/or offered for sale in the United States and/or imported into the United States.

118.    On information and belief, as recently as October 23, 2025, Samsung Display imported certain OLED display panels and modules, including the Accused OLED Display Panels, into the United States through established logistics channels.  For example, public shipping manifest data reflects a shipment identifying Samsung Display as the shipper of "flat panel display modules . . . of organic light emitting diodes (OLED)," transported by vessel from Pusan, South Korea, with port of unlading at Long Beach, California, and a listed port of destination at Otay Mesa, California.  The record reflects a containerized shipment (container number ONEU0850206) with a stated weight of approximately 8,754 kilograms (approximately 19,300 pounds).  (*See, e.g.*, Ex. 13, Samsung Display Co. Ltd. Importation Data, *available at* https://www.importinfo.com/samsung-display-co-ltd (last accessed March 19, 2026).)

119.    Discovery is expected to uncover the full extent of each of Defendants' infringement of the '891 patent, including and beyond the '891 Accused Products already identified herein.

120.    On information and belief, each Defendant Samsung Display has directly infringed and continues to infringe at least claim 1 of the '891 patent literally and/or under the doctrine of equivalents, by importing into the United States, and/or using, and/or selling, and/or offering for sale in the United States, without authority or license, the Accused OLED Display Panels and/or the '891 Accused Products, in violation of 35 U.S.C. § 271(g).  On information and belief, Samsung Display imports the Accused OLED Display Panels and/or the '891 Accused Products into the United States for sale and distribution to customers located in the United States, and each Defendant sells and/or offers for sale the Accused OLED Display Panels and/or the '891 Accused Products through their own sales channels and/or through distributors

and retailers, including through sales, marketing, and contracting activity directed to U.S. customers and end users.

121.    On information and belief, at least as of the time of the filing of this Complaint, Samsung Display has induced and continues to induce others to infringe at least claim 1 of the '891 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Samsung Display's new, current, and prospective users, partners, customers and other third parties (as well as Walmart and Best Buy), whose sale, offer for sale, and/or use of the '891 Accused Products constitutes to directly infringe  at least claim 1 of the '891 patent .

122.    Through at least the filing and service of this Complaint, Samsung Display has had knowledge of the '891 patent and the infringing nature of the '891 Accused Products. Despite this knowledge of the '891 patent, on information and belief, Samsung Display continues to actively encourage and instruct its customers and end users to use the '891 Accused Products in ways that directly infringe the '891 patent.  Samsung Display does so knowing and intending that its customers and end users will commit these infringing acts.  Samsung Display also continues to make, use, offer for sale, sell, and/or import the '891 Accused Products, despite its knowledge of the '891 patent, thereby specifically intending for and inducing its direct or indirect customers (both business and consumer) to infringe the '891 patent through the customers' normal and customary sale, offer for sale, and/or use of the '891 Accused Products. Upon information and belief, Samsung Display makes, uses, offers for sale, sells and/or imports the Accused OLED Display Panels to customers, such as Google LLC, who integrate the Accused OLED Display Panels into the '891 Accused Products for sale to businesses, customers, and end users.

40

123.    In particular, Samsung Display's actions that aid and abet others such as its new, current, and prospective users, partners, customers and third parties to infringe include advertising the Accused OLED Display Panels and/or the '891 Accused Products.  On information and belief, Samsung Display has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement, because Samsung Display has had actual knowledge of the '891 patent and knowledge that its acts were inducing infringement of the '891 patent since at least as of the filing date of this Complaint.

124.    For example, Samsung Display actively promotes the sale, use, and importation of the Accused OLED Display Panels in marketing materials, technical specifications, data sheets, web pages on its website (e.g., Ex. 22, "OLED Display," *available at* https://www.samsungdisplay.com/eng/tech/oled-display.jsp (last accessed on March 19, 2026) and Ex. 14, "Your Device Smartphone OLED," *available at* https://oledera.samsungdisplay.com/eng/smartphone-oled/ (last accessed March 19, 2026), press releases, training tutorials, development and design tools, user manuals, and developer forums as well as at trade shows (e.g., the Consumer Technology Association's Consumer Electronics Show ("CES") and AWE USA, COMPUTEX, Display Week and MWC; *see, e.g.*, Ex. 15, "Samsung Display Showcasing World's Most Advanced OLED Techs in COMPUTEX Debut," *available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp (last accessed March 19, 2026) and Ex. 16, "Samsung Display's Smartphone OLED Earns the Highest 2,000 Nit Luminance Mark," *available at* https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp (last accessed March 19, 2026);  *see also generally* Ex. 17 at https://www.samsungdisplay.com/eng/media/news/index.jsp (last accessed March 19, 2026)

(listing a series of exhibitions with Samsung Display showcasing the Accused OLED Display Panels)) and through its sales and distribution channels that encourage infringing uses, sales, offers to sell, and importation of Accused OLED Display Panels and/or the '891 Accused Products.

125.    As another example, on information and belief, Samsung Display's representatives travel to customer sites in the United States for sales and support activities that include working with customers to facilitate these customers' infringing testing, marketing, importation, and sales activities.  On information and belief, Samsung Display supplies customers with the Accused OLED Display Panels so that they may be used, tested and/or incorporated by those customers into finished or end consumer electronics products, including the '891 Accused Products for sale or offer for sale in and outside the United States.  For example, on information and belief, Samsung Display provides original equipment to manufacturers and electronic manufacturing service providers.

126.    On information and belief, this provision of products includes sales to customers in and outside the United States, including Google LLC.  Samsung Display additionally provides a wide range of technical support to customers, including OLED-specific technical support. (*See, e.g.*, Ex. 18, Samsung Display's "Customer Service," *available at* https://samsungdisplay.com/eng/customer/voc.jsp (last accessed March 19, 2026).)

127.    Samsung Display also promotes, publicly on its website, uses of the Accused OLED Display Panels by customers in the United States.  For example, Samsung Display has launched "OLED finder" allowing the general public to help customers identify Samsung OLED-equipped products, including products equipped with Accused OLED Display Panels, for example by smartphone brand and model name, including the '891 Accused Products.  (*See, e.g.*,

42

Ex. 19, "Samsung Display Launches 'OLED Finder' Website Identifying Samsung OLED-equipped Products," *available at*

https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp (last accessed

March 19, 2026); *see also* Ex. 20, Samsung Display's OLED Finder, "OLED or NOT Are you

using OLED?," *available at* https://oledera.samsungdisplay.com/eng/oledfinder/(last accessed

March 19, 2026).)

128.    On information and belief, Samsung Display assists third parties, directly and/or

through intermediaries, in the development and manufacture of '891 Accused Products, and

provides technical support and supports the sales of '891 Accused Products.

129.    On information and belief, at least as of the filing date of this Complaint,

Samsung Display also has induced and continues to induce third parties with specific intent or

willful blindness to import, make, use, sell, and/or offer to sell '891 Accused Products that

include the Accused OLED Display Panels or similar display panels (e.g., with similar material

technical structural and functional features) whose manufacture, use, sale, offer for sale, and/or

importation constitutes direct infringement of at least claim 1 of the '891 patent.

130.    On information and belief, Accused OLED Display Panels and/or '891 Accused

Products are imported into the United States for use, sale, and/or offer for sale in this District and

throughout the United States.

131.    On information and belief, to the extent any entity other than Samsung Display,

including but not limited to any of Samsung Display's affiliates or other third-party importers,

imports Accused OLED Display Panels and/or '891 Accused Products into the United States for,

or on behalf, of Samsung Display ("Non-Party Importer"), Samsung Display is liable

for inducement of infringement by the Non-Party Importer at least as of the filing date of this

Complaint.  At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Importer to infringe the '891 patent and intended that it do so.  This encouragement includes at least ordering or instructing the Non-Party Importer to import the Accused OLED Display Panels and/or the '891 Accused Products into the United States, providing directions and other materials to the Non-Party Importer to enable such importation, and/or conditioning the receipt of benefits (included but not limited to payment) to the Non-Party Importer on such importation.  On information and belief, this behavior has continued since Samsung Display first became aware of the '891 patent and the infringement thereof.

132.    On information and belief, to the extent any entity other than Samsung Display, including but not limited to any of Samsung Display's original equipment manufacturers, uses the Accused OLED Display Panels to fabricate or manufacture the '891 Accused Products in the United States for, or on behalf of, Samsung Display ("Non-Party Manufacturer"), such as, without limitation, Google LLC, Samsung Display is liable for inducement of infringement by such Non-Party Manufacturer at least as of the filing date of this Complaint.  At least as of the filing date of this Complaint, Samsung Display has encouraged the Non-Party Manufacturer to infringe the '891 patent and intended that it do so.

133.    Samsung Display has benefitted and continues to benefit from the importation into the United States of Accused OLED Display Panels and/or '891 Accused Products.

134.    On information and belief, at least as of the filing of this Complaint, Samsung Display has contributed to, continues to contribute to, and is liable for contributory infringement of at least claim 1 of the '891 patent pursuant to 35 U.S.C. § 271(c) by providing the Accused OLED Display Panels that have contributed to, and continue to contribute to, the direct infringement by new, current, and prospective users, partners, customers, and other third parties.

44

Samsung Display has done so with knowledge, at least as of the filing of this Complaint, that the Accused OLED Display Panels are especially made or adapted for use in an infringement of the '891 patent.

135.   For example, on information and belief, at least as of the filing of this Complaint, Samsung Display supplies the Accused OLED Display Panels to entities in the consumer electronics supply chain for evaluation, testing, qualification, integration, assembly, and distribution in connection with OLED-equipped mobile devices and related replacement parts, and Samsung Display further sells and offers to sell Accused OLED Display Panels into downstream commercial channels for incorporation into finished or end consumer electronics products, which are then sold to and used by end users in the United States.  Such Accused OLED Display Panels are material components or apparatuses for use in practicing the '891 patent and are not staple articles of commerce suitable for substantial non infringing use.

136.   For example, Accused OLED Display Panels comprise an OLED display panel in accordance with the claimed invention(s).  At least as of the filing of this Complaint, Samsung Display has supplied, and continues to supply, Accused OLED Display Panels, or components or apparatuses thereof, with knowledge of the '891 patent and with knowledge that these components or apparatuses practice claimed inventions of the '891 patent, including the invention of claim 1.  Moreover, at least as of the filing of this Complaint, Samsung Display has known, at least by virtue of its knowledge of its own products and services and the '891 patent, that Accused OLED Display Panels are especially made and/or especially adapted for use as claimed in the '891 patent and there is no substantial non-infringing use of such Accused OLED Display Panels, or components or apparatuses thereof.

137.    Attached hereto as Ex. 6 and Ex. 7, and incorporated by reference herein, are claim charts detailing how the '891 Accused Products incorporating Accused OLED Display Panels satisfy each element of at least claim 1 of the '891 patent, literally or under the doctrine of equivalents.

138.    On information and belief, neither the Accused OLED Display Panels nor the '891 Accused Products are materially changed by subsequent processes or become trivial and nonessential components of another product.

139.    Each Defendant has directly and/or indirectly infringed the '891 patent and is thus liable for infringement of the '891 patent pursuant to 35 U.S.C. § 271.

140.    Plaintiff has suffered, and continue to suffer, damages as a result of each Defendant's infringement of the '891 patent.

141.    On information and belief, each Defendant has continued to infringe the '891 patent since at least as of the filing date of this Complaint, despite being on notice of the '891 patent and its infringement and aware of the information set forth in this Complaint (including the Exhibits thereto).  Each Defendant has therefore infringed the '891 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least as of the filing date of this Complaint, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and/or indirect infringement.  As a result of at least this conduct, Plaintiff is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

142.    Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case.  Plaintiff shall not be estopped or otherwise limited or restricted for purposes of its infringement contentions or its proposed claim constructions by the claim charts

46

that it provides with this Complaint.  Plaintiff intends the claim chart for the '891 patent (Ex. 6 and Ex. 7) only to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The '891 patent claim chart does not constitute, nor shall it limit, Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

### RELIEF REQUESTED

WHEREFORE, Plaintiff CSOSDT demands judgment for itself and against Defendants as follows:

A.     A judgment that each Defendant has directly infringed, and continues to directly infringe, one or more claims of each of the '429, '031, and '891 patents;

B.     A judgment that Samsung Display has induced infringement, and continues to induce infringement, of one or more claims of each of the '429, '031, and '891 patents;

C.     A judgment that Samsung Display has contributed to, and continues to contribute to, the infringement of one or more claims of each of the '429, '031, and '891 patents;

D.     A judgment awarding Plaintiff CSOSDT damages to be paid by Defendants in an amount to be proven adequate to compensate Plaintiff CSOSDT for any past infringement, including accounting for any amounts not quantified as of the date of trial; and to the extent an injunction is not entered (or until an injunction is entered) continuing or future infringement through the date such judgment is entered and beyond, but in no event less than a reasonable royalty or lost profits for Defendants' infringement (and further in no event less than an appropriate royalty or loss profits for any infringement taking place post-trial);

E.     A judgment awarding Plaintiff CSOSDT treble damages pursuant to 35 U.S.C. § 284 as a result of Defendants' willfulness;

F.      A permanent injunction enjoining Defendants, and all persons acting in concert with them, from directly or indirectly infringing the Asserted Patents;

G.      A judgment and order finding that this case is exceptional and awarding Plaintiff CSOSDT its reasonable attorneys' fees to be paid by Defendants as provided by 35 U.S.C. § 285;

H.      A judgment awarding expenses, costs, and disbursements in this action against Defendants, including pre-judgment and post-judgment interest; and

I.      A judgment awarding Plaintiff CSOSDT such other relief as the Court may deem just and equitable.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  March 19, 2026

Respectfully submitted,

By:  */s/ Alex Chan*
Timothy Devlin (*pro hac vice* forthcoming)
tdevlin@devlinlawfirm.com
Alex Chan   (Texas State Bar No. 24108051)
achan@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, Delaware 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff Wuhan China Star*
*Optoelectronics Semiconductor Display*
*Technology Co., Ltd.*

49