**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD., | § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 2:26-CV-00228-JRG |
| v. | § | |
| SAMSUNG DISPLAY CO., LTD., WALMART INC., and BEST BUY CO. LTD., | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is the Opposed Motion for Leave to Conduct Limited Discovery and to Extend the Time to Respond to CSOT's Motion to Dismiss, or in the Alternative, to Sever (Dkt. No. 83) (the "Motion") filed by Defendant and Counterclaim-Plaintiff Samsung Display Co., Ltd. ("SDC"). (Dkt. No. 90.) In the Motion, SDC moves for leave to "conduct limited, expedited discovery related to the Motion to Dismiss SDC's counterclaims filed by Counterclaim-Defendants Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Wuhan CSOSDT") and TCL CSOT America, Inc. ("TCL CSOT America") (collectively, the "CSOT Defendants"). (*Id*. at 1.) SDC moves, in particular, for the following schedule and limits regarding the venue discovery and ensuing briefing:

- Duration and Extension of Briefing on the Motion to Dismiss: Limited discovery will commence upon the Court's order granting this motion and conclude 75 days later. SDC's opposition brief would be due 21 days after the close of the limited discovery period. The

CSOT Defendants' reply would be due fourteen (14) days after SDC's opposition, and SDC's sur-reply would be due fourteen (14) days after the reply.

- Discovery Requests: SDC may serve up to five (5) interrogatories and five (5) requests for production, collectively, to the CSOT Defendants. The CSOT Defendants must then provide their responses and all document productions within 30 days.
- Deposition Limits: SDC may take up to ten (10) hours of Rule 30(b)(1) and/or Rule 30(b)(6) party depositions of witnesses from Wuhan CSOSDT and TCL CSOT America.

(*Id*. at 5.)

Given that "jurisdictional discovery should only be denied where it is *impossible* that the discovery could add any significant facts that might bear on the jurisdictional determination," *Blitzsafe Texas LLC v. Mitsubishi Elec. Corp.*, No. 2:17-cv-00418, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019) (emphasis in original) (cleaned up), the Court finds that it is warranted in this case. The Motion to Dismiss SDC's counterclaims filed by the CSOT Defendants challenges personal jurisdiction and venue, and the limited discovery SDC seeks in response will aid the Court in those determinations.

Accordingly, the Motion is **GRANTED**, as set out above. Additionally, SDC's Opposed Motion for Expedited Briefing and to Stay Briefing on CSOT Defendants' Motion to Dismiss (Dkt. No. 91) is **DENIED AS MOOT**.

**So ORDERED and SIGNED this 1st day of July, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE