# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SAMSUNG DISPLAY CO., LTD., WALMART INC., and BEST BUY CO., INC. <br><br> Defendants. | Civil Action No. 2:26-cv-228-JRG <br><br> JURY TRIAL DEMANDED |
| SAMSUNG DISPLAY CO., LTD., <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; SHENZHEN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; SUZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; HUIZHOU CHINA STAR OPTOELECTRONICS DISPLAY CO. LTD.; CHINA DISPLAY OPTOELECTRONICS TECHNOLOGY (HUIZHOU) CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; CHINA STAR OPTOELECTRONICS INTERNATIONAL (HK) LIMITED; AND TCL CSOT AMERICA CORP. <br><br> Counterclaim-Defendants. | |

**SAMSUNG DISPLAY CO., LTD.'s FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant and Counterclaim-Plaintiff Samsung Display Co., Ltd. ("SDC") hereby responds to the First Amended Complaint for Patent Infringement ("FAC" or "Complaint") filed by Plaintiff Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Plaintiff" or "Wuhan CSOT").  Unless expressly admitted below, SDC denies all allegations in the FAC and further denies that Plaintiff is entitled to its requested relief or any other relief.

## NATURE OF ACTION

1.    SDC admits that Plaintiff's Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and on that basis denies them.

3.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and on that basis denies them.

4.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 and on that basis denies them.

5.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 and on that basis denies them.

6.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 and on that basis denies them.

1

7. SDC admits that SDC is a corporation organized and existing under the laws of the Republic of Korea. SDC further admits that its principal place of business is at 1, Samsung-ro, Giheung-gu, Yongin-si, Gyeonggi-do, 17113, Republic of Korea.

8. SDC admits that it was founded in 2012. SDC denies all remaining allegations in Paragraph 8.

9. SDC admits that the cited URL (https://www.samsungdisplay.com/eng/tech/oled-display.jsp) is an SDC webpage and that SDC manufactures, sells, and offers to sell OLED display panels. SDC denies all remaining allegations of Paragraph 9 and specifically denies that it has committed any acts of patent infringement.

10. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States. SDC denies all remaining allegations of Paragraph 10 and specifically denies that it has committed any acts of patent infringement.

11. SDC admits that certain Google consumer electronics products, such as smartphones, use OLED display panels supplied by SDC. SDC denies all remaining allegations of Paragraph 11 and specifically denies that it has committed any acts of infringement.

12. SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and on that basis denies them.

13. SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 and on that basis denies them.

14. SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 and on that basis denies them.

15. SDC denies all allegations of Paragraph 15 and specifically denies that it has committed any acts of infringement.

16. SDC denies all allegations of Paragraph 16 and specifically denies that it has committed any acts of infringement.

## JURISDICTION AND VENUE

17. SDC admits that Plaintiff's Complaint purports to state a claim that arises under Title 35 of the United States Code.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 17 and specifically denies that it has committed any acts of infringement.

18. SDC admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

19. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 19 and specifically denies that it has committed any acts of infringement.

20. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 20 and specifically denies that it has committed any acts of infringement.

21. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 21 and specifically denies that it has committed any acts of infringement.

22. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 22 and specifically denies that it has committed any acts of infringement.

23. SDC admits that the cited URL (https://www.samsungdisplay.com/eng/intro/loc-global.jsp#anchor) is an SDC webpage. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 23 and specifically denies that it has committed any acts of infringement.

24. SDC denies all allegations in Paragraph 24 and specifically denies that it has committed any acts of infringement.

25. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 25 and specifically denies that it has committed any acts of infringement.

26. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 26 and specifically denies that it has committed any acts of infringement.

27. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 27 and specifically denies that it has committed any acts of infringement.

28. SDC does not contest personal jurisdiction over itself in this District solely for the purpose of this action. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 28 and specifically denies that it has committed any acts of infringement.

29. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels. SDC admits that the cited URL (https://www.samsungdisplay.com/eng/tech/oled-display.jsp) is an SDC webpage that includes the statement, "Samsung's OLED displays are leading the global small- and medium-sized display market through various innovative technologies such as clear image quality, slim design, and low power consumption." Except as expressly admitted, SDC

denies all remaining allegations in Paragraph 29 and specifically denies that it has committed any acts of infringement.

30.     SDC denies all allegations in Paragraph 30 and specifically denies that it has committed any acts of infringement.

31.     SDC denies all allegations of Paragraph 31 and specifically denies that it has committed any acts of infringement.

32.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 and on that basis denies them.

33.     SDC denies all allegations of Paragraph 33 and specifically denies that it has committed any acts of infringement.

34.     SDC denies all allegations of Paragraph 34 and specifically denies that it has committed any acts of infringement.

35.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 and on that basis denies them.

36.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and on that basis denies them.

37.     For purposes of this action only, and without waiving any defense of improper venue in connection with any other cause of action or claim, SDC does not dispute that venue is proper over itself under 28 U.S.C. §§ 1391 and 1400(b), and Fed. R. Civ. P. 4(k).  SDC denies all remaining allegations in Paragraph 37 and specifically denies that it has committed any acts of infringement.

38.     SDC denies all allegations of Paragraph 38 and specifically denies that it has committed any acts of infringement.

39.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 39 and on that basis denies them.

40.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 and on that basis denies them.

41.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 and on that basis denies them.

**THE ASSERTED PATENTS**

42.     SDC admits that the cover page of U.S. Patent No. 12,133,429 (the "'429 Patent") bears the title "Display Panel and Display Device" and states that the PCT application was filed on March 22, 2022.  SDC admits that what purports to be a copy of the '429 Patent is attached to the Complaint as Exhibit 1.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 42 and specifically denies that the '429 Patent recites a valid and enforceable invention.

43.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 and on that basis denies them.

44.     SDC admits that the cover page of U.S. Patent No. 11,957,031 (the "'031 Patent") bears the title "Display Device" and states that the PCT application was filed on May 31, 2021.  SDC admits that what purports to be a copy of the '031 Patent is attached to the Complaint as Exhibit 2.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 44 and specifically denies that the '031 Patent recites a valid and enforceable invention.

45.     SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and on that basis denies them.

6

46.    SDC admits that the cover page of U.S. Patent No. 11,257,891 (the "'891 Patent") bears the title "Display Panel" and states that the PCT application was filed on September 28, 2018.  SDC admits that what purports to be a copy of the '891 Patent is attached to the Complaint as Exhibit 3.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 46 and specifically denies that the '891 Patent recites a valid and enforceable invention.

47.    SDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47 and on that basis denies them.

## COUNT I - INFRINGEMENT OF U.S. PATENT NO. 12,133,429

48.    SDC incorporates by reference and repeats its responses to the preceding paragraphs as though fully set forth herein.

49.    SDC admits that Claim 1 of the '429 Patent appears to recite a display panel with claim limitations that are listed in Paragraph 49.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 49 and specifically denies that it has committed any acts that infringe the '429 Patent.

50.    SDC denies all allegations in Paragraph 50 and specifically denies that it has committed any acts that infringe the '429 Patent.

51.    Paragraph 51 appears to define the scope of the "Accused OLED Display Panels," and therefore does not state an allegation to which any response is required.  To the extent any allegations are included in Paragraph 51, SDC denies such allegations and specifically denies that it has committed any acts of patent infringement.

52.    SDC denies all allegations in Paragraph 52 and specifically denies that it has committed any acts that infringe the '429 Patent.

7

53.     SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 53 and specifically denies that it has committed any acts that infringe the '429 Patent.

54.     SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 54 and specifically denies that it has committed any acts of infringement.

55.     Paragraph 55 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations in Paragraph 55 and specifically denies that it has committed any acts that infringe the '429 Patent.

56.     SDC denies all allegations in Paragraph 56 and specifically denies that it has committed any acts that infringe the '429 Patent.

57.     SDC denies all allegations in Paragraph 57 and specifically denies that it has committed any acts that infringe the '429 Patent.

58.     SDC denies all allegations in Paragraph 58 and specifically denies that it has committed any acts that infringe the '429 Patent.

59.     SDC denies all allegations in Paragraph 59 and specifically denies that it has committed any acts that infringe the '429 Patent.

60.     SDC admits that the cited URLs (https://www.samsungdisplay.com/eng/tech/oled-display.jsp,     https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp, https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp, https://www.samsungdisplay.com/eng/media/news/index.jsp) are SDC webpages and that SDC

8

manufactures, sells, and offers to sell OLED display panels. SDC denies all remaining allegations in Paragraph 60 and specifically denies that it has committed any acts that infringe the '429 Patent.

61. SDC denies all allegations in Paragraph 61 and specifically denies that it has committed any acts that infringe the '429 Patent.

62. SDC admits that the cited URL (https://samsungdisplay.com/eng/customer/voc.jsp) is an SDC webpage. SDC denies all remaining allegations in Paragraph 62 and specifically denies that it has committed any acts that infringe the '429 Patent.

63. SDC admits that the cited URL (https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp) is an SDC webpage. SDC denies all remaining allegations in Paragraph 63 and specifically denies that it has committed any acts that infringe the '429 Patent.

64. SDC denies all allegations in Paragraph 64 and specifically denies that it has committed any acts that infringe the '429 Patent.

65. SDC denies all allegations in Paragraph 65 and specifically denies that it has committed any acts that infringe the '429 Patent.

66. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 66 and specifically denies that it has committed any acts that infringe the '429 Patent.

67. SDC denies all allegations in Paragraph 67 and specifically denies that it has committed any acts that infringe the '429 Patent.

9

68.     SDC denies all allegations in Paragraph 68 and specifically denies that it has committed any acts that infringe the '429 Patent.

69.     SDC denies all allegations in Paragraph 69 and specifically denies that it has committed any acts that infringe the '429 Patent.

70.     SDC denies all allegations in Paragraph 70 and specifically denies that it has committed any acts that infringe the '429 Patent.

71.     SDC denies all allegations in Paragraph 71 and specifically denies that it has committed any acts that infringe the '429 Patent.

72.     SDC denies all allegations in Paragraph 72 and specifically denies that it has committed any acts that infringe the '429 Patent.

73.     SDC admits that Exhibit 4 attached to the Complaint purports to be a claim chart relating to the '429 Patent and the Accused Products.  SDC denies that Exhibit 4 demonstrates any infringement by SDC of the '429 Patent.  SDC denies all remaining allegations in Paragraph 73 and specifically denies that it has committed any acts that infringe the '429 Patent.

74.     SDC denies all allegations in Paragraph 74 and specifically denies that it has committed any acts that infringe the '429 Patent.

75.     SDC denies all allegations in Paragraph 75 and specifically denies that it has committed any acts that infringe the '429 Patent.

76.     SDC denies all allegations in Paragraph 76 and specifically denies that it has committed any acts that infringe the '429 Patent.

77.     SDC denies all allegations in Paragraph 77 and specifically denies that it has committed any acts that infringe the '429 Patent.

78. Paragraph 78 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations of Paragraph 78.

## COUNT II - INFRINGEMENT OF U.S. PATENT NO. 11,957,031

79. SDC incorporates by reference and repeats its responses to the preceding paragraphs as though fully set forth herein.

80. SDC admits that Claim 1 of the '031 Patent appears to recite a display device with claim limitations that are listed in Paragraph 80. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 80 and specifically denies that it has committed any acts that infringe the '031 Patent

81. SDC denies all allegations in Paragraph 81 and specifically denies that it has committed any acts that infringe the '031 Patent.

82. Paragraph 82 appears to define the scope of the "Accused OLED Display Panels," and therefore does not state an allegation to which any response is required. To the extent any allegations are included in Paragraph 82, SDC denies such allegations and specifically denies that it has committed any acts of patent infringement.

83. SDC denies all allegations in Paragraph 83 and specifically denies that it has committed any acts that infringe the '031 Patent.

84. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States. Except as expressly admitted, SDC denies all remaining allegations in Paragraph 84 and specifically denies that it has committed any acts that infringe the '031 Patent.

85. SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale,

or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 85 and specifically denies that it has committed any acts of infringement..

86.     Paragraph 86 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations in Paragraph 86 and specifically denies that it has committed any acts that infringe the '031 Patent.

87.     SDC denies all allegations in Paragraph 87 and specifically denies that it has committed any acts that infringe the '031 Patent.

88.     SDC denies all allegations in Paragraph 88 and specifically denies that it has committed any acts that infringe the '031 Patent.

89.     SDC denies all allegations in Paragraph 89 and specifically denies that it has committed any acts that infringe the '031 Patent.

90.     SDC denies all allegations in Paragraph 90 and specifically denies that it has committed any acts that infringe the '031 Patent.

91.     SDC admits that the cited URLs (https://www.samsungdisplay.com/eng/tech/oled-display.jsp,     https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp, https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp, https://www.samsungdisplay.com/eng/media/news/index.jsp) are SDC webpages and that SDC manufactures, sells, and offers to sell OLED display panels.  SDC denies all remaining allegations in Paragraph 91 and specifically denies that it has committed any acts that infringe the '031 Patent.

92.     SDC denies all allegations in Paragraph 92 and specifically denies that it has committed any acts that infringe the '031 Patent.

93.     SDC         admits         that         the         cited         URL (https://samsungdisplay.com/eng/customer/voc.jsp)  is  an  SDC  webpage.    SDC  denies  all

12

remaining allegations in Paragraph 93 and specifically denies that it has committed any acts that infringe the '031 Patent.

94.     SDC     admits     that     the     cited     URL (https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp)    is    an    SDC webpage.  SDC denies all remaining allegations in Paragraph 94 and specifically denies that it has committed any acts that infringe the '031 Patent.

95.     SDC denies all allegations in Paragraph 95 and specifically denies that it has committed any acts that infringe the '031 Patent.

96.     SDC denies all allegations in Paragraph 96 and specifically denies that it has committed any acts that infringe the '031 Patent.

97.     SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 97 and specifically denies that it has committed any acts that infringe the '031 Patent.

98.     SDC denies all allegations in Paragraph 98 and specifically denies that it has committed any acts that infringe the '031 Patent.

99.     SDC denies all allegations in Paragraph 99 and specifically denies that it has committed any acts that infringe the '031 Patent.

100.     SDC denies all allegations in Paragraph 100 and specifically denies that it has committed any acts that infringe the '031 Patent.

101.     SDC denies all allegations in Paragraph 101 and specifically denies that it has committed any acts that infringe the '031 Patent.

102.    SDC denies all allegations in Paragraph 102 and specifically denies that it has committed any acts that infringe the '031 Patent.

103.    SDC denies all allegations in Paragraph 103 and specifically denies that it has committed any acts that infringe the '031 Patent.

104.    SDC admits that Exhibit 5 attached to the Complaint purports to be a claim chart relating to the '031 Patent and the Accused Products.  SDC denies that Exhibit 5 demonstrates any infringement by SDC of the '031 Patent.  SDC denies all remaining allegations in Paragraph 104 and specifically denies that it has committed any acts that infringe the '031 Patent.

105.    SDC denies all allegations in Paragraph 105 and specifically denies that it has committed any acts that infringe the '031 Patent.

106.    SDC denies all allegations in Paragraph 106 and specifically denies that it has committed any acts that infringe the '031 Patent.

107.    SDC denies all allegations in Paragraph 107 and specifically denies that it has committed any acts that infringe the '031 Patent.

108.    SDC denies all allegations in Paragraph 108 and specifically denies that it has committed any acts that infringe the '031 Patent.

109.    Paragraph 109 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations of Paragraph 109.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. 11,257,891

110.    SDC incorporates by reference and repeats its responses to the preceding paragraphs as though fully set forth herein.

111.    SDC admits that Claim 1 of the '891 Patent appears to recite a display panel with claim limitations that are listed in Paragraph 111.  Except as expressly admitted, SDC denies all

14

remaining allegations in Paragraph 111 and specifically denies that it has committed any acts that infringe the '891 Patent

112.    SDC denies all allegations in Paragraph 112 and specifically denies that it has committed any acts that infringe the '891 Patent.

113.    Paragraph 113 appears to define the scope of the "Accused OLED Display Panels," and therefore does not state an allegation to which any response is required.  To the extent any allegations are included in Paragraph 113, SDC denies such allegations and specifically denies that it has committed any acts of patent infringement.

114.    SDC denies all allegations in Paragraph 114 and specifically denies that it has committed any acts that infringe the '891 Patent.

115.    SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 115 and specifically denies that it has committed any acts that infringe the '891 Patent.

116.    SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 116 and specifically denies that it has committed any acts of infringement.

117.    Paragraph 117 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations in Paragraph 117 and specifically denies that it has committed any acts that infringe the '891 Patent.

15

118. SDC denies all allegations in Paragraph 118 and specifically denies that it has committed any acts that infringe the '891 Patent.

119. SDC denies all allegations in Paragraph 119 and specifically denies that it has committed any acts that infringe the '891 Patent.

120. SDC denies all allegations in Paragraph 120 and specifically denies that it has committed any acts that infringe the '891 Patent.

121. SDC denies all allegations in Paragraph 121 and specifically denies that it has committed any acts that infringe the '891 Patent.

122. SDC admits that the cited URLs (https://www.samsungdisplay.com/eng/tech/oled-display.jsp, https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-250520.jsp, https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230105.jsp, https://www.samsungdisplay.com/eng/media/news/index.jsp) are SDC webpages and that SDC manufactures, sells, and offers to sell OLED display panels. SDC denies all remaining allegations in Paragraph 122 and specifically denies that it has committed any acts that infringe the '891 Patent.

123. SDC denies all allegations in Paragraph 123 and specifically denies that it has committed any acts that infringe the '891 Patent.

124. SDC admits that the cited URL (https://samsungdisplay.com/eng/customer/voc.jsp) is an SDC webpage. SDC denies all remaining allegations in Paragraph 124 and specifically denies that it has committed any acts that infringe the '891 Patent.

125. SDC admits that the cited URL (https://www.samsungdisplay.com/eng/media/news/detail/ssdsNews-230316.jsp) is an SDC

16

webpage.  SDC denies all remaining allegations in Paragraph 125 and specifically denies that it has committed any acts that infringe the '891 Patent.

126.    SDC denies all allegations in Paragraph 126 and specifically denies that it has committed any acts that infringe the '891 Patent.

127.    SDC denies all allegations in Paragraph 127 and specifically denies that it has committed any acts that infringe the '891 Patent.

128.    SDC admits that SDC manufactures, sells, and offers to sell OLED display panels, where certain panels are used in third party consumer electronics products sold, offered for sale, or used in the United States.  Except as expressly admitted, SDC denies all remaining allegations in Paragraph 128 and specifically denies that it has committed any acts that infringe the '891 Patent.

129.    SDC denies all allegations in Paragraph 129 and specifically denies that it has committed any acts that infringe the '891 Patent.

130.    SDC denies all allegations in Paragraph 130 and specifically denies that it has committed any acts that infringe the '891 Patent.

131.    SDC denies all allegations in Paragraph 131 and specifically denies that it has committed any acts that infringe the '891 Patent.

132.    SDC denies all allegations in Paragraph 132 and specifically denies that it has committed any acts that infringe the '891 Patent.

133.    SDC denies all allegations in Paragraph 133 and specifically denies that it has committed any acts that infringe the '891 Patent.

134.    SDC denies all allegations in Paragraph 134 and specifically denies that it has committed any acts that infringe the '891 Patent.

135.    SDC admits that Exhibits 6 and 7 attached to the Complaint purports to be claim charts relating to the '891 Patent and the Accused Products.  SDC denies that Exhibit 6 or 7 demonstrates any infringement by SDC of the '891 Patent.  SDC denies all remaining allegations in Paragraph 135 and specifically denies that it has committed any acts that infringe the '891 Patent.

136.    SDC denies all allegations in Paragraph 136 and specifically denies that it has committed any acts that infringe the '891 Patent.

137.    SDC denies all allegations in Paragraph 137 and specifically denies that it has committed any acts that infringe the '891 Patent.

138.    SDC denies all allegations in Paragraph 138 and specifically denies that it has committed any acts that infringe the '891 Patent.

139.    SDC denies all allegations in Paragraph 139 and specifically denies that it has committed any acts that infringe the '891 Patent.

140.    Paragraph 140 contains no allegations and SDC therefore is not required to respond. To the extent any response is required, SDC denies all allegations of Paragraph 140.

## RELIEF REQUESTED

Plaintiff's prayer for relief contains no allegations and SDC therefore is not required to respond.  To the extent that any allegations are included in Plaintiff's Relief Requested, SDC denies those allegations.

## JURY DEMAND

Plaintiff's demand for a trial by jury on all issues so triable does not state any allegation, and SDC is not required to respond.  To the extent that any allegations are included in the demand, SDC denies such allegations.

## GENERAL DENIAL

1.      To the extent that any allegations of Plaintiff's Complaint are not specifically admitted, SDC denies them.

## AFFIRMATIVE DEFENSES

2.      Subject to the responses above, SDC alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, SDC specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense – No Patent Infringement

3.      SDC does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of U.S. Patent Nos. 12,133,429 (the "'429 Patent"), 11,957,031 (the "'031 Patent"), and 11,257,891 (the "'891 Patent") (collectively, "Wuhan CSOT Asserted Patents").

### Second Defense – Patent Invalidity

4.      The claims of the Wuhan CSOT Asserted Patents are invalid and unenforceable under 35 U.S.C. § 101 because the claims are directed to abstract ideas or other non-statutory subject matter, and/or because the claims violate the prohibitions against obviousness-type and statutory double patenting.

19

5.      The claims of the Wuhan CSOT Asserted Patents are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art.

6.      The claims of the Wuhan CSOT Asserted Patents are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art.

7.      The claims of the Wuhan CSOT Asserted Patents are invalid and unenforceable for failure to satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### Third Defense – Limitation on Patent Damages

8.      Plaintiff's claim for damages, if any, against SDC for alleged infringement of the Wuhan CSOT Asserted Patents are limited by 35 U.S.C. §§ 286, 287 and/or 288.

### Fourth Defense – Patent Misuse

9.      Plaintiff's claims against SDC for alleged infringement of Wuhan CSOT Asserted Patents are barred by the doctrine of patent misuse.

### Fifth Defense – Substantial Non-Infringing Uses

10.     Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the claims of the Wuhan CSOT Asserted Patents.

### Sixth Defense – Use By The United States

11.     Plaintiff's claims for relief against SDC are barred by 35 U.S.C. § 1498 in that, upon information and belief, the accused subject matter is used or manufactured by or for the United States, including but not limited to the Department of Defense.

### Seventh Defense – Failure to State a Claim

20

12.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Eighth Defense – Lack of Standing

13.     Plaintiff lacks standing to assert the claims in Plaintiff's Complaint and its claims are thus barred because it does not own the Wuhan CSOT Asserted Patents and lacks the capacity to sue in this Court.

### Ninth Defense – Equitable Doctrines

14.     Plaintiff's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, laches, acquiescence, and/or equitable estoppel.

### Tenth Defense – Prosecution History Estoppel

15.     Plaintiff is barred, under the doctrine of prosecution history estoppel, from construing the claims of the Wuhan CSOT Asserted Patents in such a way as may cover any accused products by reasons of statements made to the United States Patent and Trademark Office during the prosecution of the applications that led to the issuance of the Wuhan CSOT Asserted Patents.

### Eleventh Defense – License and/or Exhaustion

16.     Plaintiff's claims for relief are barred in whole or in part by an express or implied license, and/or the patent exhaustion doctrine.

### Twelfth Defense – Not an Exceptional Case Entitling Plaintiff To Relief

17.     If Plaintiff is entitled to any remedy, Plaintiff is not entitled to a finding that this case is exceptional warranting attorneys' fees under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

**Reservation of Additional Defenses**

16.     SDC reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

**FIRST AMENDED COUNTERCLAIMS FOR PATENT INFRINGEMENT**

SDC files these First Amended Counterclaims and demand for a jury trial seeking relief for patent infringement by Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd.; TCL China Star Optoelectronics Technology Co., Ltd.; TCL CSOT America Corp; Shenzhen China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Shenzhen CSOT"); Suzhou China Star Optoelectronics Technology Co., Ltd. ("Suzhou CSOT"); Guangzhou China Star Optoelectronics Technology Co., Ltd. ("Guangzhou CSOT"); Huizhou China Star Optoelectronics Display Co., Ltd. ("Huizhou CSOD"); China Display Optoelectronics Technology (Huizhou) Co., Ltd. ("Huizhou CDOT"); Guangzhou China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Guangzhou CSOSDT"); and China Star Optoelectronics International (HK) Limited ("HK CSO") (collectively, "Counterclaim-Defendants") of U.S. Patent No. 8,810,745 ("the '745 Patent"), U.S. Patent No. 9,311,842 ("the '842 Patent"), U.S. Patent No. 9,310,657 ("the '657 Patent"), U.S. Patent No. 9,606,406 ("the '406 Patent"), and U.S. Patent No. 9,087,490 ("the '490 Patent") (collectively, the "SDC Asserted Patents").  SDC states and alleges the following:

22

## NATURE OF ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, specifically including 35 U.S.C. § 271.

## THE PARTIES

2.      SDC is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 1, Samsung-ro, Giheung-gu, Yongin-si, Gyeonggi-do, 17113, Republic of Korea.

3.      Upon information and belief, Counterclaim-Defendant TCL China Star Optoelectronics Technology Co., Ltd. ("TCL CSOT") is a company organized under the laws of the People's Republic of China having a regular and established place of business in Shenzhen, Guangdong, China.

4.      Upon information and belief, Plaintiff and Counterclaim-Defendant Wuhan CSOT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Wuhan, Hubei, China.

5.      Upon information and belief, Counterclaim-Defendant Shenzhen CSOT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Shenzhen, China.

6.      Upon information and belief, Counterclaim-Defendant Suzhou CSOT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Suzhou, Jiangsu, China.

7.      Upon information and belief, Counterclaim-Defendant Guangzhou CSOT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Guangzhou, Guangdong, China.

23

8. Upon information and belief, Counterclaim-Defendant Huizhou CSOD is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Huizhou, Guangdong, China.

9. Upon information and belief, Counterclaim-Defendant Huizhou CDOT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Huizhou, Guangdong, China.

10. Upon information and belief, Counterclaim-Defendant CSOT America is a company organized under the laws of Delaware, with its principal place of business at 2025 Gateway Pl. #430, San Jose, CA 95110.

11. Upon information and belief, Counterclaim-Defendant Guangzhou CSOSDT is a company organized under the laws of the People's Republic of China, having a regular and established place of business in Guangzhou, Guangdong, China.

12. Upon information and belief, Counterclaim-Defendant HK CSO is a company organized under the laws of the Hong Kong Special Administrative Region of the People's Republic of China, having a regular and established place of business in Hong Kong SAR, China.

13. Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder of Wuhan CSOT.

14. Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder and/or the only shareholder of Shenzhen CSOT.

15. Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder and/or the only shareholder of Suzhou CSOT.

16. Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder and/or the only shareholder of Guangzhou CSOT.

17.    Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder and/or the only shareholder of Huizhou CSOD.

18.    Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder and/or the only shareholder of Huizhou CDOT.

19.    Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder of Guangzhou CSOSDT.

20.    Upon information and belief, Counterclaim-Defendant TCL CSOT is a majority shareholder of HK CSO.

21.    On information and belief, Counterclaim-Defendant CSOT America is a wholly owned subsidiary of TCL CSOT.

## JURISDICTION AND VENUE

22.    This action arises under the patent laws of the United States, Title 35 U.S.C. § 1, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

23.    This Court has personal jurisdiction over Wuhan CSOT, at least because by initiating this lawsuit, Wuhan CSOT has submitted to the jurisdiction of this District.

24.    This Court has personal jurisdiction over Counterclaim-Defendants.  On information and belief, each of Counterclaim-Defendants, directly or indirectly through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, sells, and advertises products in the United States, the State of Texas, and this District.  Counterclaim-Defendants have purposefully sold infringing products with the expectation that they will be purchased by consumers in Texas or this District or be incorporated into end consumer products with the expectation that those end consumer products will be purchased by consumers in Texas or this District.  On information and belief, these infringing products have been and continue to be

25

purchased by consumers in this District.  Counterclaim-Defendants have committed acts of patent infringement within the United States, and more particularly within this District.

25.    Counterclaim-Defendants have established minimum contacts with the United States as a whole and with Texas such that subjecting Counterclaim-Defendants to personal jurisdiction in this Court will not offend traditional notions of fair play and substantial justice. Counterclaim-Defendants have purposely availed themselves of the laws and protections of the United States and the State of Texas by knowingly supplying and/or contracting to supply LCD displays including (i) for incorporation into products (such as televisions) to be sold, offered for sale, imported into, and used in the United States, the State of Texas, and in this District and (ii) for product repair and as replacement parts to be sold, offered for sale, imported into, and used in the United States, the State of Texas, and in this District.

26.    Counterclaim-Defendants have targeted the United States and the State of Texas by attending industry events in the United States to promote their products for sale to customers across the United States, including Texas.  Counterclaim-Defendants routinely attend CES and exhibit their newest technologies there.    See    https://en.tclcsot.com/News/741.html; https://en.tclcsot.com/News/756.html; https://en.tclcsot.com/News/753.html.  CES is a trade show that occurs in the United States and "that showcases the entire tech landscape." https://www.ces.tech/about-ces/about-ces/.    At CES, "brands get business done, meet new partners, and . . . unveil their latest releases and boldest breakthroughs."  *Id.*  Counterclaim-Defendants also routinely attend the Society for Information Display's ("SID") Display Week and exhibit their newest technologies there.    See    https://en.tclcsot.com/News/746.html; https://en.tclcsot.com/News/761.html;                    https://en.tclcsot.com/News/763.html; https://en.tclcsot.com/News/762.html; https://en.tclcsot.com/News/764.html.  SID display week is

a trade show that occurs in the United States where "companies showcase groundbreaking products" and "[b]uild [g]ame-[c]hanging [c]onnections." https://www.displayweek.org/attendees/why-attend/.  TCL CSOT is an event sponsor for SID Display Week.  https://www.displayweek.org/partners/.

27.    Counterclaim-Defendants also have targeted the United States and the State of Texas by conducting regular business therein, and have placed and continue to place their LCD display products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in the United States, the State of Texas, and this District.  Indeed, CSOT America employees manage accounts of customers and business operations in the United States.  *See, e.g.*, https://www.linkedin.com/in/jinbo-nguyen-907736230/ ("As a senior manager of sales operations at TCL CSOT America, I lead the account management and business operations for the North American market.").  Additionally, TCL CSOT employs sales managers who are "[r]esponsible for North American sales, marketing, and promotional activities of LCD and IJPOLED flat panel displays to companies and national distribution accounts."  https://www.linkedin.com/in/yongsen914/.  SDC's claims for patent infringement arise directly from and/or relate to this activity.

28.    Additionally, on information and belief, CSOT America is an alter ego of TCL CSOT and therefore subject to personal jurisdiction in this District based at least on its alter-ego status.

29.    For example, TCL CSOT publicly represents that CSOT America is its sole corporate branch and contact in the United States.  *See, e.g.*, https://en.tclcsot.com/lianxiwomen/ ("TCL CSOT - Contact information: CSOT North America  Address: 2025 Gateway Place Suite 450 San Jose, California 95110  Tel: (408) 797-8393").  Further, Mr. Xin Zhang, who holds the

27

positions of Chief Executive Officer, Chief Financial Officer, and Secretary of CSOT America is also the Vice President of TCL CSOT, CSOT America's parent. *See, e.g.,* https://www.sidicdt.org/en/col.jsp?id=126 ("ICDT Technical Committee: . . . Xin Zhang, TCL CSOT Co., Ltd., Vice President.").

30.   On information and belief, Counterclaim-Defendants supply infringing LCD displays to customers across the United States, including Texas. https://www.linkedin.com/in/yongsen914/ ("Responsible for North America Sales, marketing, and promotional activities . . . to companies and national distribution accounts.   Key sales focus accounts are . . . Distribution/Integrator channels."). Counterclaim-Defendants' customers include TCL Technology Group Corporation and/or its affiliates and subsidiaries ("TCL"), which markets and sells televisions and other products to customers located in Texas that, on information and belief, contain infringing LCD displays supplied by Counterclaim-Defendants. *See, e.g.,* https://us.tcl.com/products/tcl-65-qm7k-series-qd-mini-led-qled-4k-uhd-smart-tv-with-google-tv-65qm7k?srsltid=AfmBOoqgtQpqMtab1I5coAHtVXy4UKLswEJDmyVc7vKheSy_xGtLWzAV.



31.     On information and belief, Counterclaim-Defendants induce TCL and other customers to include Counterclaim-Defendants' infringing LCD displays in televisions and other products sold by TCL and other customers with the knowledge that they will be sold in the U.S., including in Texas.   Counterclaim-Defendants have thereby placed and continues to place infringing LCD displays into the stream of commerce knowing that many of their products will end up in Texas.

32.     Thus, on information and belief, Counterclaim-Defendants' presence and activities in this District, including patent infringement as described below, give rise to the claims set forth herein.

33.     Venue is proper in this District under 28 U.S.C. §§ 1391(a)-(d) and 1400(b).  TCL CSOT, Wuhan CSOT, Shenzhen CSOT, Suzhou CSOT, Guangzhou CSOT, Huizhou CSOD, Huizhou CDOT, Guangzhou CSOSDT, and HK CSO are foreign corporations that do not reside in the United States, and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

Venue is proper in this District as to CSOT America at least because it is an alter ego of TCL CSOT. Additionally, venue is also proper in this District as to CSOT America because it does business here and has committed and continues to commit acts of infringement in this District giving rise to this Action as described elsewhere in this Complaint.

34. Counterclaim-Defendants are jointly and severally liable for infringing one or more claims of the SDC Asserted Patents, insofar as acts of infringement by Counterclaim-Defendants stem from the same transactions or occurrences regarding the use, sale, and/or offer for sale in the United States and/or the importation into the United States of the Accused Products. Consequently, this action involves questions of law and fact common to all Counterclaim-Defendants.

**THE SDC ASSERTED PATENTS**

35. U.S. Patent No. 8,810,745 ("the '745 Patent") is titled "Liquid Crystal Display" and was duly issued by the United States Patent and Trademark Office on August 19, 2014. The '745 Patent discloses, *inter alia*, a novel liquid crystal display in which, *inter alia*, an additional storage capacitor is formed to a subpixel electrode connected to the dividing switching element, thereby increasing the total storage capacitance and eliminating kickback voltage. A true and correct copy of the '745 Patent is attached as Exhibit A.

36. SDC is the sole owner by assignment of all right, title, and interest in the '745 Patent, which is currently in full force and effect.

37. U.S. Patent No. 9,311,842 ("the '842 Patent") is titled "Display Device" and was duly issued by the United States Patent and Trademark Office on April 12, 2016. The '842 Patent discloses, *inter alia*, a novel display device structure with an integrated gate driver and non-parallel gate line routing in a fan-out region between driver stages and pixel rows, thereby increasing

30

design flexibility of the peripheral area and reducing the size of the peripheral area. A true and correct copy of the '842 Patent is attached to this Complaint as Exhibit B.

38. SDC is the sole owner by assignment of all right, title, and interest in the '842 Patent, which is currently in full force and effect.

39. U.S. Patent No. 9,310,657 ("the '657 Patent") is titled "Thin Film Transistor Array Panel And Display Device Including The Same" and was duly issued by the United States Patent and Trademark Office on April 12, 2016. The '657 Patent discloses, *inter alia*, a novel display device structure with apertures in the gate-driving circuitry, allowing sufficient light to pass to harden the sealant, thereby holding the panels air-tight or moisture-tight. A true and correct copy of the '657 Patent is attached as Exhibit C.

40. SDC is the sole owner by assignment of all right, title, and interest in the '657 Patent, which is currently in full force and effect.

41. U.S. Patent No. 9,606,406 ("the '406 Patent") is titled "Liquid Crystal Display" and was duly issued by the United States Patent and Trademark Office on March 28, 2017. The '406 Patent discloses, *inter alia*, a novel display device structure with increased transmittance and improved visibility realized through controlling areas of a high subpixel and a low subpixel and sizes of a divided voltage switching element and a divided reference voltage. A true and correct copy of the '406 Patent is attached as Exhibit D.

42. SDC is the sole owner by assignment of all right, title, and interest in the '406 Patent, which is currently in full force and effect.

43. U.S. Patent No. 9,087,490 ("the '490 Patent") is titled "Liquid Crystal Display" and was duly issued by the United States Patent and Trademark Office on July 21, 2015. The '490 Patent discloses, *inter alia*, a novel display device structure with increased transmittance and

31

improved visibility realized through controlling areas of a high subpixel and a low subpixel and sizes of a divided voltage switching element and a divided reference voltage.  A true and correct copy of the '490 Patent is attached as Exhibit E.

44.    SDC is the sole owner by assignment of all right, title, and interest in the '490 Patent, which is currently in full force and effect.

45.    Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint.

46.    Further, upon information and belief, during the negotiation of a license agreement entered between the parties in 2020, SDC expressly informed Counterclaim-Defendants on December 18, 2020 about the SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion.  Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than  December 18, 2020.

## THE ACCUSED PRODUCTS

47.    The Accused Products are LCD displays made, used, sold, offered for sale, or imported by Counterclaim-Defendants and also incorporated into consumer products such as, but not limited to, the "65' TV TCL 65QM7K" television.

48.    Upon information and belief, Counterclaim-Defendants, directly or indirectly through affiliates, subsidiaries, agents, or other representatives, sell and/or offer for sale Accused Products in the United States, and/or import Accused Products into the United States, including in connection with supplying and selling Accused Products to companies such as TCL for testing, evaluation, qualification, and incorporation into consumer electronics products, such as

32

televisions, that are used, sold, and/or offered for sale in the United States and/or imported into the United States.

49.    Upon information and belief, certain of the Accused Products are and have been incorporated into televisions and other consumer products sold in the United States by manufacturers who are customers of Counterclaim-Defendants.  This includes TCL who sells, as just one example, the 65" TV TCL 65QM7K TV products in the United States.  *See, e.g.*,https://www.amazon.com/dp/B0DVX8WJ7S?ref_=ppx_hzsearch_conn_dt_b_fe d_asin_title_1&th=1; https://www.bestbuy.com/product/tcl-65-class-qm7k-series-4k-uhd-hdr-qd-mini-led-smart-tv-with-google-tv-2025/J36QYTQTCT/sku/6621470;

https://us.tcl.com/products/tcl-65-qm7k-series-qd-mini-led-qled-4k-uhd-smart-tv-with-google-tv-65qm7k.

50.    Upon information and belief, Counterclaim-Defendants have also imported Accused Products into the United States, and used them in the United States, to promote them at industry and trade shows.  For example, upon information and belief, Counterclaim-Defendants imported Accused Products into the United States for exhibition at the Society for Information Display's ("SID") Display Week events in at least 2022, 2023, 2024, and 2025.  As another example, upon information and belief, Counterclaim-Defendants imported Accused Products into the United States for exhibition at the International Consumer Electronics Show ("CES") in at least 2022, 2023, 2024, 2025, and 2026.

51.    Upon information and belief, the Accused Products include LCD displays that are used or included in the following exemplary end consumer products: *see* Appendix 1.

33

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,810,745

52. SDC incorporates by reference the allegations of Paragraphs 1 through 47 as if fully set forth herein.

53. Upon information and belief, Counterclaim-Defendants have infringed and continue to directly infringe the '745 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, either standalone, incorporated into, or for incorporation into consumer products sold on the U.S. market.

54. Upon information and belief, Counterclaim-Defendants have directly infringed at least Claims 1–4, 8, 9–11, 13, 17–19 of the '745 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

55. The Accused Products meet each and every limitation of at least Claims 1–4, 8, 9–11, 13, 17–19 of the '745 Patent, literally or under the doctrine of equivalents, as set forth in Exhibit F.

56. Upon information and belief, Counterclaim-Defendants have induced infringement of the '745 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '745 Patent. Despite having knowledge of the '745 Patent, Counterclaim-Defendants have actively encouraged others to infringe the patent. For example, upon information and belief, Counterclaim-Defendants have knowingly and intentionally induced third-party manufacturers (including manufacturers of consumer products), shippers, distributors, retailers, customers, and/or end-users to directly infringe (literally and/or under the doctrine of equivalents) the '745 Patent by importing into the United States, using, and/or selling and offering to sell in the United States the Accused Products and/or products containing the Accused Products. The Accused Products are specially designed to contain features that infringe the '745 Patent and the

Accused Products have no substantial uses other than ones that infringe the '745 Patent. Moreover, upon information and belief, Counterclaim-Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell the Accused Products and/or products containing the Accused Products that infringe at least Claims 1–4, 8, 9–11, 13, 17–19 of the '745 Patent. Upon information and belief, such steps by Counterclaim-Defendants include, among other things, making or selling the Accused Products for importation into or sale in the United States, knowing that such importation or sale would occur. Counterclaim-Defendants have engaged in these activities with knowledge of the '745 Patent and knowledge that the induced acts constitute infringement. Counterclaim-Defendants' inducement of infringement of the '745 Patent is ongoing.

57.    Upon information and belief, Counterclaim-Defendants have also contributorily infringed the '745 Patent under 35 U.S.C. § 271(c) through their supply of the Accused Products to customers that incorporate the Accused Products into other products. The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '745 Patent. Counterclaim-Defendants have engaged in these activities despite having notice of the '745 Patent, and the Accused Products that Counterclaim-Defendants have sold and/or provided to customers embody a material part of the claimed invention of at least Claims 1–4, 8, 9–11, 13, 17–19 of the '745 Patent. Counterclaim-Defendants' contributory infringement of the '745 Patent is ongoing.

58.    Counterclaim-Defendants' infringement has been, and continues to be, willful. Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint. Further, upon information and belief, during the negotiation of a license agreement entered between the parties

35

in 2020, SDC expressly informed the Counterclaim-Defendants on December 18, 2020 about the SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion. Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than December 18, 2020.

59.    SDC has been irreparably harmed by Counterclaim-Defendants' infringement of the '745 Patent and will continue to be harmed unless and until Counterclaim-Defendants' infringement is enjoined by this Court.

60.    By their actions, Counterclaim-Defendants have injured SDC and are liable to SDC for infringement of the '745 Patent pursuant to 35 U.S.C. § 271.  SDC is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 9,311,842

61.    SDC incorporates by reference the allegations of Paragraphs 1 through 56 as if fully set forth herein.

62.    Upon information and belief, Counterclaim-Defendants have infringed and continue to directly infringe the '842 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, either standalone, incorporated into, or for incorporation into consumer products sold on the U.S. market.

63.    Upon information and belief, Counterclaim-Defendants have directly infringed at least Claims 1–7, 9, 12, 33–36, and 39 of the '842 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

36

64.     The Accused Products meet each and every limitation of at least Claims 1–7, 9, 12, 33–36, and 39 of the '842 Patent, literally or under the doctrine of equivalents, as set forth in Exhibit G.

65.     Upon information and belief, Counterclaim-Defendants have induced infringement of the '842 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '842 Patent.  Despite having knowledge of the '842 Patent, Counterclaim-Defendants have actively encouraged others to infringe the patent.  For example, upon information and belief, Counterclaim-Defendants have knowingly and intentionally induced third-party manufacturers (including manufacturers of consumer products), shippers, distributors, retailers, customers, and/or end-users to directly infringe (literally and/or under the doctrine of equivalents) the '842 Patent by importing into the United States, using, and/or selling and offering to sell in the United States the Accused Products and/or products containing the Accused Products.  The Accused Products are specially designed to contain features that infringe the '842 Patent and the Accused Products have no substantial uses other than ones that infringe the '842 Patent.  Moreover, upon information and belief, Counterclaim-Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell the Accused Products and/or products containing the Accused Products that infringe at least Claims 1–7, 9, 12, 33–36, and 39 of the '842 Patent.  Upon information and belief, such steps by Counterclaim-Defendants include, among other things, making or selling the Accused Products for importation into or sale in the United States, knowing that such importation or sale would occur.  Counterclaim-Defendants have engaged in these activities with knowledge of the '842 Patent and knowledge that the induced acts constitute infringement.  Counterclaim-Defendants' inducement of infringement of the '842 Patent is ongoing.

37

66.    Upon information and belief, Counterclaim-Defendants have also contributorily infringed the '842 Patent under 35 U.S.C. § 271(c) through their supply of the Accused Products to customers that incorporate the Accused Products into other products.  The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '842 Patent.  Counterclaim-Defendants have engaged in these activities despite having notice of the '842 Patent, and the Accused Products that Counterclaim-Defendants have sold and/or provided to customers embody a material part of the claimed invention of at least Claims 1–7, 9, 12, 33–36, and 39 of the '842 Patent.  Counterclaim-Defendants' contributory infringement of the '842 Patent is ongoing.

67.    Counterclaim-Defendants' infringement has been, and continues to be, willful. Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint.  Further, upon information and belief, during the negotiation of a license agreement entered between the parties in 2020, SDC expressly informed the Counterclaim-Defendants on  December 18, 2020 about the SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion. Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than  December 18, 2020.

68.    SDC has been irreparably harmed by Counterclaim-Defendants' infringement of the '842 Patent and will continue to be harmed unless and until Counterclaim-Defendants' infringement is enjoined by this Court.

69.     By their actions, Counterclaim-Defendants have injured SDC and are liable to SDC for infringement of the '842 Patent pursuant to 35 U.S.C. § 271.  SDC is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

### COUNT III – INFRINGEMENT OF U.S. PATENT NO. 9,310,657

70.     SDC incorporates by reference the allegations of Paragraphs 1 through 65 as if fully set forth herein.

71.     Upon information and belief, Counterclaim-Defendants have infringed and continue to directly infringe the '657 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, either standalone, incorporated into, or for incorporation into consumer products sold on the U.S. market.

72.     Upon information and belief, Counterclaim-Defendants have directly infringed at least Claims 1, 3, 4, 6, 8, 9, 12–17 of the '657 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

73.     The Accused Products meet each and every limitation of at least Claims 1, 3, 4, 6, 8, 9, 12–17 of the '657 Patent, literally or under the doctrine of equivalents, as set forth in Exhibit H.

74.     Upon information and belief, Counterclaim-Defendants have induced infringement of the '657 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '657 Patent.  Despite having knowledge of the '657 Patent, Counterclaim-Defendants have actively encouraged others to infringe the patent.  For example, upon information and belief, Counterclaim-Defendants have knowingly and intentionally induced third-party manufacturers (including manufacturers of consumer products), shippers, distributors, retailers, customers, and/or end-users to directly infringe (literally and/or under the doctrine of equivalents)

39

the '657 Patent by importing into the United States, using, and/or selling and offering to sell in the United States the Accused Products and/or products containing the Accused Products. The Accused Products are specially designed to contain features that infringe the '657 Patent and the Accused Products have no substantial uses other than ones that infringe the '657 Patent. Moreover, upon information and belief, Counterclaim-Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell the Accused Products and/or products containing the Accused Products that infringe at least Claims 1, 3, 4, 6, 8, 9, 12–17 of the '657 Patent. Upon information and belief, such steps by Counterclaim-Defendants include, among other things, making or selling the Accused Products for importation into or sale in the United States, knowing that such importation or sale would occur. Counterclaim-Defendants have engaged in these activities with knowledge of the '657 Patent and knowledge that the induced acts constitute infringement. Counterclaim-Defendants' inducement of infringement of the '657 Patent is ongoing.

75.    Upon information and belief, Counterclaim-Defendants have also contributorily infringed the '657 Patent under 35 U.S.C. § 271(c) through their supply of the Accused Products to customers that incorporate the Accused Products into other products. The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '657 Patent. Counterclaim-Defendants have engaged in these activities despite having notice of the '657 Patent, and the Accused Products that Counterclaim-Defendants have sold and/or provided to customers embody a material part of the claimed invention of at least Claims 1, 3, 4, 6, 8, 9, 12–17 of the '657 Patent. Counterclaim-Defendants' contributory infringement of the '657 Patent is ongoing.

76.    Counterclaim-Defendants' infringement has been, and continues to be, willful. Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint.  Further, upon information and belief, during the negotiation of a license agreement entered between the parties in 2020, SDC expressly informed the Counterclaim-Defendants on  December 18, 2020 about the three SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion. Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than  December 18, 2020.

77.    SDC has been irreparably harmed by Counterclaim-Defendants' infringement of the '657 Patent and will continue to be harmed unless and until Counterclaim-Defendants' infringement is enjoined by this Court.

78.    By their actions, Counterclaim-Defendants have injured SDC and are liable to SDC for infringement of the '657 Patent pursuant to 35 U.S.C. § 271.  SDC is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 9,606,406

79.    SDC incorporates by reference the allegations of Paragraphs 1 through 74 as if fully set forth herein.

80.    Upon information and belief, Counterclaim-Defendants have infringed and continue to directly infringe the '406 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, either standalone, incorporated into, or for incorporation into consumer products sold on the U.S. market.

81.     Upon information and belief, Counterclaim-Defendants have directly infringed at least Claims 1–6, and 16–30 of the '406 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

82.     The Accused Products meet each and every limitation of at least Claims 1–6, and 16–30 of the '406 Patent, literally or under the doctrine of equivalents, as set forth in Exhibit I.

83.     Upon information and belief, Counterclaim-Defendants have induced infringement of the '406 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '406 Patent.  Despite having knowledge of the '406 Patent, Counterclaim-Defendants have actively encouraged others to infringe the patent.  For example, upon information and belief, Counterclaim-Defendants have knowingly and intentionally induced third-party manufacturers (including manufacturers of consumer products), shippers, distributors, retailers, customers, and/or end-users to directly infringe (literally and/or under the doctrine of equivalents) the '406 Patent by importing into the United States, using, and/or selling and offering to sell in the United States the Accused Products and/or products containing the Accused Products.  The Accused Products are specially designed to contain features that infringe the '406 Patent and the Accused Products have no substantial uses other than ones that infringe the '406 Patent.  Moreover, upon information and belief, Counterclaim-Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell the Accused Products and/or products containing the Accused Products that infringe at least Claims 1–6, and 16–30 of the '406 Patent.  Upon information and belief, such steps by Counterclaim-Defendants include, among other things, making or selling the Accused Products for importation into or sale in the United States, knowing that such importation or sale would occur.  Counterclaim-Defendants have engaged in these activities with knowledge of the

42

'406 Patent and knowledge that the induced acts constitute infringement.  Counterclaim-Defendants' inducement of infringement of the '406 Patent is ongoing.

84.    Upon information and belief, Counterclaim-Defendants have also contributorily infringed the '406 Patent under 35 U.S.C. § 271(c) through their supply of the Accused Products to customers that incorporate the Accused Products into other products.  The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '406 Patent.  Counterclaim-Defendants have engaged in these activities despite having notice of the '406 Patent, and the Accused Products that Counterclaim-Defendants have sold and/or provided to customers embody a material part of the claimed invention of at least Claims 1–6, and 16–30 of the '406 Patent.  Counterclaim-Defendants' contributory infringement of the '406 Patent is ongoing.

85.    Counterclaim-Defendants' infringement has been, and continues to be, willful. Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint.  Further, upon information and belief, during the negotiation of a license agreement entered between the parties in 2020, SDC expressly informed the Counterclaim-Defendants on December 18, 2020 about the three SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion. Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than December 18, 2020.

86.    SDC has been irreparably harmed by Counterclaim-Defendants' infringement of the '406 Patent and will continue to be harmed unless and until Counterclaim-Defendants' infringement is enjoined by this Court.

87.    By their actions, Counterclaim-Defendants have injured SDC and are liable to SDC for infringement of the '406 Patent pursuant to 35 U.S.C. § 271. SDC is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

### COUNT V – INFRINGEMENT OF U.S. PATENT NO. 9,087,490

88.    SDC incorporates by reference the allegations of Paragraphs 1 through 83 as if fully set forth herein.

89.    Upon information and belief, Counterclaim-Defendants have infringed and continue to directly infringe the '490 Patent by making, using, selling, offering for sale in, and/or importing into the United States Accused Products, either standalone, incorporated into, or for incorporation into consumer products sold on the U.S. market.

90.    Upon information and belief, Counterclaim-Defendants have directly infringed at least Claims 1–9, 19–28, and 31–37 of the '490 Patent by making, using, selling, offering for sale, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271(a).

91.    The Accused Products meet each and every limitation of at least Claims 1–9, 19–28, and 31–37 of the '490 Patent, literally or under the doctrine of equivalents, as set forth in Exhibit J.

92.    Upon information and belief, Counterclaim-Defendants have induced infringement of the '490 Patent under 35 U.S.C. § 271(b) by knowingly and intentionally inducing others to directly infringe the '490 Patent. Despite having knowledge of the '490 Patent, Counterclaim-Defendants have actively encouraged others to infringe the patent. For example, upon information

44

and belief, Counterclaim-Defendants have knowingly and intentionally induced third-party manufacturers (including manufacturers of consumer products), shippers, distributors, retailers, customers, and/or end-users to directly infringe (literally and/or under the doctrine of equivalents) the '490 Patent by importing into the United States, using, and/or selling and offering to sell in the United States the Accused Products and/or products containing the Accused Products. The Accused Products are specially designed to contain features that infringe the '490 Patent and the Accused Products have no substantial uses other than ones that infringe the '490 Patent. Moreover, upon information and belief, Counterclaim-Defendants take active steps, directly and/or through contractual relationships with others, with the specific intent to cause such persons to import, use, sell, and/or or offer to sell the Accused Products and/or products containing the Accused Products that infringe at least Claims 1–9, 19–28, and 31–37 of the '490 Patent. Upon information and belief, such steps by Counterclaim-Defendants include, among other things, making or selling the Accused Products for importation into or sale in the United States, knowing that such importation or sale would occur. Counterclaim-Defendants have engaged in these activities with knowledge of the '490 Patent and knowledge that the induced acts constitute infringement. Counterclaim-Defendants' inducement of infringement of the '490 Patent is ongoing.

93. Upon information and belief, Counterclaim-Defendants have also contributorily infringed the '490 Patent under 35 U.S.C. § 271(c) through their supply of the Accused Products to customers that incorporate the Accused Products into other products. The Accused Products have no substantial non-infringing uses and are especially designed and made for use in devices that infringe the '490 Patent. Counterclaim-Defendants have engaged in these activities despite having notice of the '490 Patent, and the Accused Products that Counterclaim-Defendants have sold and/or provided to customers embody a material part of the claimed invention of at least

45

Claims 1–9, 19–28, and 31–37 of the '490 Patent.  Counterclaim-Defendants' contributory infringement of the '490 Patent is ongoing.

94.    Counterclaim-Defendants' infringement has been, and continues to be, willful. Counterclaim-Defendants have had knowledge of the SDC Asserted Patents and of their infringement of the SDC Asserted Patents at least since the filing of this Complaint.  Further, upon information and belief, during the negotiation of a license agreement entered between the parties in 2020, SDC expressly informed the Counterclaim-Defendants on December 18, 2020 about the three SDC Asserted Patents and explained that those patents would be excluded from the scope of the license as SDC was reserving those patents for possible future enforcement or assertion. Counterclaim-Defendants, therefore, had actual knowledge of the SDC Asserted Patents, including knowledge that SDC retained all rights to assert these patents against Counterclaim-Defendants or any third party, by no later than December 18, 2020.

95.    SDC has been irreparably harmed by Counterclaim-Defendants' infringement of the '490 Patent and will continue to be harmed unless and until Counterclaim-Defendants' infringement is enjoined by this Court.

96.    By their actions, Counterclaim-Defendants have injured SDC and are liable to SDC for infringement of the '490 Patent pursuant to 35 U.S.C. § 271.  SDC is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaim-Plaintiff SDC prays for relief as follows:

A.    A judgment that each of the Counterclaim-Defendants has willfully infringed, directly and/or indirectly, each of the SDC Asserted Patents;

46

B.      Compensatory damages in an amount commensurate with Counterclaim-Defendants' infringement of the SDC Asserted Patents, including without limitation lost profits and no less than a reasonable royalty;

C.      Permanent injunctive relief prohibiting Counterclaim-Defendants from further acts of infringement of the SDC Asserted Patents;

D.      Pre-judgment interest on all damages awarded to SDC;

E.      Post-judgment interest on all sums awarded to SDC from the date of the judgment;

F.      An award of treble damages pursuant to 35 U.S.C. § 284;

G.      An award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H.      Any and all other relief that the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, SDC demands a trial by jury on all issues on which trial by jury is available under applicable law.

DATED: July 23, 2026                          Respectfully submitted,

*/s/ Timothy S. Durst*
Timothy S. Durst

Ryan Yagura
Cal. Bar #197619
ryagura@omm.com
Benjamin Haber (*pro hac vice*)
Cal. Bar #287085
bhaber@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Timothy S. Durst
Tex. Bar #00786924

47

tdurst@omm.com
Cason G. Cole
Tex. Bar #24109741
ccole@omm.com
Rebekah Palmer
Tex. Bar #24138942
rpalmer@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
Telephone: (972) 360-1900

Mark Liang (*pro hac vice*)
Cal. Bar #278487
mliang@omm.com
Sorin Zaharia (*pro hac vice*)
Cal. Bar #312655
szaharia@omm.com
Clarence A. Rowland (*pro hac vice*)
Cal. Bar #285409
crowland@omm.com
Li Guo (*pro hac vice*)
Cal. Bar #347045
lguo@omm.com
Kurt D. Fredrickson (*pro hac vice*)
Cal. Bar #353010
kfredrickson@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Liza Sneitzer (*pro hac vice*)
D.C. Bar #1048789
lsneitzer@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (1) 202-383-5300

48

Nathaniel Legum (*pro hac vice*)
N.Y. Bar #6168975
nlegum@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th FL
New York, NY 10019
Telephone: (212) 326-2000

Melissa R. Smith
Tex. Bar #24001351
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

*Counsel for Defendant and Counterclaim-Plaintiff Samsung Display Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, the foregoing document was served via CM/ECF on all counsel of record.

*/s/ Melissa R. Smith*

49