**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

WUHAN CHINA STAR OPTOELECTRONICSSEMICONDUCTOR DISPLAY TECHNOLOGYCO., LTD.,

*Plaintiff*,

v.

SAMSUNG DISPLAY CO., LTD., WALMART INC., and BEST BUY CO. LTD.,

*Defendants*.

---

SAMSUNG DISPLAY CO., LTD.,

*Counterclaim Plaintiff*,

v.

WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD., TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; SHENZHEN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; SUZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; HUIZHOU CHINA STAR OPTOELECTRONICS DISPLAY CO. LTD.; CHINA DISPLAY OPTOELECTRONICS TECHNOLOGY (HUIZHOU) CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; CHINA STAR OPTOELECTRONICS INTERNATIONAL (HK) LIMITED; AND TCL CSOT AMERICA CORP.,

*Counterclaim Defendants*.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

CIVIL ACTION NO. 2:26-CV-00228-JRG

**ORDER**

Before the Court is the Joint Motion for Clarification of the Court's September 25, 2026 Order (Dkt. 153) (the "Motion") filed by Plaintiff and Counterclaim-Defendant Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("China Star"), Counterclaim-Defendant TCL CSOT America Corp. ("CSOT America") (collectively, "Counterclaim Defendants"), and Defendant and Counterclaim Plaintiff Samsung Display Co., Ltd. ("SDC") (collectively, the "Parties"). (Dkt. No. 158.) In the Motion, the Parties seek clarification "as to whether the Court's Order still allows SDC to take an individual Rule 30(b)(1) deposition or whether SDC is permitted to only take Rule 30(b)(6) depositions of witnesses identified by the Counterclaim Defendants" and "how translated deposition time should be calculated against the 10-hour deposition limit authorized for this separate limited jurisdictional and venue discovery." (*Id.* at 2.)

The Court's September 25 Order (Dkt. No. 153) ("September Order") did not alter the Court's July 1 Order (Dkt. No. 93) ("July Order"). In the July Order, the Court granted leave for SDC to "take up to ten (10) hours of Rule 30(b)(1) and/or Rule 30(b)(6) party depositions of witnesses from Wuhan CSOSDT and TCL CSOT America." (Dkt. No. 93 at 2.) The Court's September Order granted Counterclaim Defendants relief from SDC's request that Counterclaim Defendants identify "the three persons most knowledgeable" for each of SDC's interrogatory requests. The Court's September Order did not, however, alter the July Order by limiting SDC to only taking depositions of Rule 30(b)(6) witnesses. Consistent with the July Order, the Court **ORDERS** that SDC may take up to ten hours of Rule 30(b)(1) and/or Rule 30(b)(6) party depositions of witnesses from China Star and CSOT America. SDC may take Rule 30(b)(1)

depositions provided that such depositions (in combination with any Rule 30(b)(6) depositions) do not exceed the ten-hour limit authorized in the July Order.

The Court further **ORDERS** that the General Discovery Order (Dkt. No. 123) paragraph 5(h) applies to all depositions authorized by the July Order. Accordingly, any deposition time requiring the use of a translator shall be counted in an amount equal to 70% of the actual time incurred (e.g., seven hours of deposition time requiring the use of a translator shall count as 4.9 hours).

**So ORDERED and SIGNED this 7th day of October, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE