**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG DISPLAY CO., LTD., WALMART INC., and BEST BUY CO., INC.<br><br>Defendants. | Civil Action No. 2:26-cv-228-JRG<br><br>JURY TRIAL DEMANDED |
| SAMSUNG DISPLAY CO., LTD.,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>WUHAN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; TCL CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; SHENZHEN CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; SUZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS TECHNOLOGY CO., LTD.; HUIZHOU CHINA STAR OPTOELECTRONICS DISPLAY CO. LTD.; CHINA DISPLAY OPTOELECTRONICS TECHNOLOGY (HUIZHOU) CO., LTD.; GUANGZHOU CHINA STAR OPTOELECTRONICS SEMICONDUCTOR DISPLAY TECHNOLOGY CO., LTD.; CHINA STAR OPTOELECTRONICS INTERNATIONAL (HK) LIMITED; AND TCL CSOT AMERICA CORP.<br><br>Counterclaim-Defendants. | |

**SAMSUNG DISPLAY CO., LTD.'S MOTION FOR ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)**

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1
II. FACTUAL BACKGROUND ........ 2
A. SDC's Extensive Efforts to Serve the Mainland Defendants ........ 2
B. Service on CSOI HK and Waivers of Service For Affiliates of Mainland Defendants ........ 4
C. Relatedness Among CSOT Entities ........ 5
III. LEGAL STANDARD ........ 5
IV. ARGUMENT ........ 7
A. Alternative Service Is Appropriate Under The Circumstances ........ 7
B. The Requested Forms of Service are Reasonably Calculated to Provide Notice ........ 10
*1. Service on Counsel Is Reasonably Calculated to Provide Notice* ........ 10
*2. Service Through TCL CSOT America is Reasonably Calculated to Provide Notice* ........ 11
C. The Proposed Forms of Service Are Not Prohibited by International Law ........ 12
V. CONCLUSION ........ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Element Cap. Com. Co. Pte. Ltd. v. BOE Tech. Grp. Co.*,
No. 2:22-CV-00118-JRG, 2022 WL 4368162 (E.D. Tex. Sept. 21, 2022) ................................ 8

*Encryptawave Techs. LLC v. Vantiva SA*,
No. 4:24-CV-846-SDJ, Dkt. 27 (E.D. Tex. May 18, 2026)...................................................... 12

*Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*,
No. 4:23-CV-00420-ALM, 2023 WL 7414144 (E.D. Tex. Nov. 9, 2023)......................... 11, 12

*In re GLG Life Tech Corp. Sec. Litig.*,
287 F.R.D. 262 (S.D.N.Y. 2012) ............................................................................................ 7

*In re OnePlus Tech. (Shenzhen) Co., Ltd.*,
No. 2021-165, 2021 WL 4130643 (Fed. Cir. Sept. 10, 2021) .................................................. 6

*J&H Web Techs., LLC v. Square Cat Software Ltd.*,
No. 2:23-CV-00279-JRG, 2025 WL 364078 (E.D. Tex. Jan. 31, 2025) .................................. 6

*Monument Peak Ventures, LLC v. TCL Elecs. Holdings Ltd.*,
No. 5:24-CV-11-RWS-JBB, 2024 WL 3426771 (E.D. Tex. June 11, 2024) ............... 6, 8, 9, 11

*Nagravision SA v. Gotech Int'l Tech. Ltd.*,
882 F.3d 494 (5th Cir. 2018) ................................................................................................... 6

*Orange Elec. Co. v. Autel Intelligent Tech. Corp.*,
No. 2:21-CV-00240-JRG, 2022 WL 4125075 (E.D. Tex. Sept. 9, 2022) ................................. 8

*Rio Props., Inc. v. Rio Int'l Interlink*,
284 F.3d 1007 (9th Cir. 2002) ................................................................................................. 6

*Stingray IP Sols., LLC v. Signify N.V.*,
No. 2:21-CV-00043-JRG, 2021 WL 9095765 (E.D. Tex. Nov. 2, 2021) .......................... 6, 7, 9

*Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*,
No. 2:21-CV-00045-JRG, 2021 WL 6773096 (E.D. Tex. Nov. 19, 2021) ...................... 6, 8, 12

*Viahart, L.L.C v. GangPeng*,
No. 21-40166, 2022 WL 445161 (5th Cir. Feb. 14, 2022) ........................................................ 6

*WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*,
No. 6-20-CV-952-ADA, 2021 WL 2870679 (W.D. Tex. July 8, 2021).................................. 10

**Rules**

Fed. R. Civ. P. 4(f)(3) ............................................................................................................... 6

## I. INTRODUCTION

Defendant and Counterclaim-Plaintiff Samsung Display Co., Ltd. ("SDC") moves for an order authorizing alternative service of process on the four remaining, unserved counterclaim defendants (hereinafter, "Mainland Defendants"[1]) under Federal Rule of Civil Procedure 4(f)(3). SDC requests that the Court authorize service by: (1) email to the Devlin Law Firm ("Devlin"), counsel of record for the six defendant entities who are affiliates of the Mainland Defendants and who have appeared or will soon appear in this case; and (2) service through TCL CSOT America Corp. ("TCL CSOT America"), the sole U.S. affiliate of the CSOT corporate family and itself a counterclaim defendant in this case. Each of the requirements for alternative service under Rule 4(f)(3) is satisfied here.

***First***, since filing counterclaims on June 4, 2026, SDC has diligently pursued service through multiple channels, including submitting requests for waivers or acceptance of service to Devlin and separate outside counsel for the same or affiliated entities in other cases, serving the registered agent for the sole CSOT entity and contact in the U.S. (TCL CSOT America), physically serving one counterclaim defendant in Hong Kong, and initiating service for entities based in mainland China through the Hague Convention. Yet more than four months after SDC filed its counterclaims, the Mainland Defendants have neither accepted service nor agreed to waive it. Meanwhile, six of their affiliated entities and counterclaim defendants have appeared through Devlin, whose continued efforts to obstruct SDC's efforts to formally serve the Mainland Defendants qualify as "special circumstances" warranting alternative service.

---

[1] "Mainland Defendants" refers collectively to Huizhou China Star Optoelectronics Display Co., Ltd. ("Huizhou CSOD"), China Display Optoelectronics Technology (Huizhou) Co., Ltd. ("Huizhou CDOT"), Guangzhou China Star Optoelectronics Technology Co., Ltd. ("Guangzhou CSOT"), and Guangzhou China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Guangzhou CSOSDT"). The six remaining counterclaim defendants have either appeared or executed waivers of service.

***Second***, to the extent they do not yet have actual notice, the proposed forms of service are reasonably calculated to provide notice to the Mainland Defendants. The same counsel of record, Devlin, has appeared for six of the ten counterclaim defendants, including the parent entity. And public records reveal substantial overlap among key decision-makers at the affiliated entities. Service on Devlin or the U.S. affiliate is thus proper under these facts and the Court's precedent.

***Third***, SDC's proposed forms of service are consistent with international law because they effectuate service in the U.S. and do not implicate the Hague Convention. The Court has authorized alternative service as to foreign entities under similar circumstances, including as to entities based in China, and should do so again here.

## II. FACTUAL BACKGROUND

### A. SDC's Extensive Efforts to Serve the Mainland Defendants

On June 4, 2026, SDC filed counterclaims against Plaintiff and Counterclaim-Defendant Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Wuhan CSOSDT"), TCL CSOT America, and eight other Counterclaim-Defendants who are related CSOT entities.[2] Dkt. 34. SDC alleges that these counterclaim defendants operate under a common parent, TCL CSOT, to manufacture and sell the accused LCD products. *Id.* ¶ 30. Only two entities—Wuhan CSOSDT and TCL CSOT America—initially appeared and were represented by Devlin, who claimed that it could not contact or represent the other entities. Ex. 1 (6/30/26 A. Chan email to M. Liang) at 7-9 (June 24, 2026 A. Chan emails).

SDC undertook extensive efforts to serve the remaining eight counterclaim defendants. On June 5, 2026, SDC requested that Devlin agree to accept or waive service on behalf of the

[2] These eight entities are the four Mainland Defendants and four others: TCL China Star Optoelectronics Technology Co., Ltd. ("TCL CSOT"), Shenzhen China Star Optoelectronics Semiconductor Display Technology Co., Ltd. ("Shenzhen CSOSDT"), China Star Optoelectronics International (HK) Limited ("CSOI HK"), and Suzhou China Star Optoelectronics Technology Co., Ltd. ("Suzhou CSOT").

remaining entities. Ex. 2 (6/5/26 M. Liang email to A. Chan). Counsel did not provide a position on this request until June 30, claiming that SDC's questions regarding waivers of service "implicate [competitive business information]" and "issues bearing on the arguments" raised in the Motion to Dismiss or Sever ("MTDS"). Ex. 1 at 1 (6/30/26 A. Chan email to M. Liang). In the meantime, on June 10, SDC served the registered agent for TCL CSOT America, which subsequently appeared in the case on June 23 through Devlin. Dkts. 68, 78.[3] On June 25, Wuhan CSOSDT and TCL CSOT America filed the MTDS that raised, among other grounds, a Rule 12(b)(5) challenge to service on the remaining counterclaim defendants, without explaining the basis for standing to assert such a challenge on behalf of entities that had not appeared and whom their counsel, Devlin, claimed not to represent. Dkt. 83 at 7-8.

SDC also contacted separate counsel for Wuhan CSOSDT and TCL CSOT in two different, pending patent cases—one in the Northern District of Texas and another in this District—to request acceptance or waivers of service. Ex. 3 (6/25/26 M. Liang email to B. Cangro); Ex. 4 (7/31/26 M. Liang email to S. Moore). Counsel either stated that Devlin was handling service issues or did not respond. Exs. 3-4. SDC further mailed waivers of service forms to each of the Mainland Defendants, who did not respond.

On July 23, 2026, SDC filed a First Amended Answer and Counterclaims to amend addresses and facilitate service on the Mainland Defendants and CSOI HK under the Hague Convention. Dkt. 104. TCL CSOT America and Wuhan CSOSDT moved to strike the First Amended Answer as untimely. Dkt. 131 ("Motion to Strike"). But as SDC's opposition explained, the amendment was proper under the Docket Control Order's grant of leave to amend and neither TCL CSOT America nor Wuhan CSOSDT could show any prejudice from the amendments. Dkt.

[3] By requesting alternative service in this motion, SDC does not concede that its initial service on TCL CSOT America's registered agent was improper.

136.

On August 3, SDC filed its Hague Convention applications for all the entities based in mainland China. Although SDC's Hague applications have been pending for more than two months, they have not made appreciable progress and may take many more months to be effectuated.

### B. Service on CSOI HK and Waivers of Service For Affiliates of Mainland Defendants

SDC completed physical service on CSOI HK at its registered address in Hong Kong on August 4, 2026. Dkt. 135 ¶ 9. CSOI HK failed to respond or otherwise appear, and on September 3, SDC requested an Entry of Default against CSOI HK, which the Clerk entered on September 4. Dkts. 139, 140.

On September 10, Devlin reversed its prior representations that it could not represent or contact any of the counterclaim defendants, beyond Wuhan CSOSDT and TCL CSOT America. Devlin stated that it now represented CSOI HK, as well as Suzhou CSOT, and that it intended to move to set aside the entry of default on the basis that CSOI HK was not served at the proper address. Ex. 5 (9/10/26 A. Chan email to M. Liang). Devlin proposed to withhold the motion to set aside default and waive service on behalf of CSOI HK and Suzhou CSOT, in exchange for a 120-day extension to answer or respond. *Id.* When SDC requested the proper address for CSOI HK or counsel's agreement to accept service on its behalf, Devlin declined to substantively respond. *Id.* at 3-4. Devlin then offered to also contact and waive service on behalf of two additional counterclaim defendants, TCL CSOT (the parent of the other nine CSOT counterclaim defendants) and Shenzhen CSOSDT.

Ultimately, the parties negotiated waivers of service as to CSOI HK, Suzhou CSOT, Shenzhen CSOSDT, and TCL CSOT. Dkts. 149-52. Thus, six of the ten counterclaim defendants have now either appeared or will soon appear, through the same counsel of record at Devlin. Only

the four Mainland Defendants have not appeared or accepted service.

### C. Relatedness Among CSOT Entities

The public record confirms substantial overlap between the four Mainland Defendants and the six Served Defendants.[4] TCL CSOT's 2025 governance report lists Guangzhou CSOT, Guangzhou CSOSDT, Huizhou CSOD, and Huizhou CDOT as its subsidiaries. Ex. 6 at -01. Shenzhen CSOSDT, Guangzhou CSOSDT, and Huizhou CDOT share a legal representative in China, Caili Zhang. Exs. 7, 8. Devlin has represented Wuhan CSOSDT since March 2026 and TCL CSOT America since June 2026, and it now represents the Served Defendants, including TCL CSOT—the parent of all the other counterclaim defendants, including the four Mainland Defendants.

The Mainland Defendants and Served Defendants also share numerous top executives and directors. The table below summarizes the overlapping personnel (Exs. 7-13; Dkt. 83-2):

| Individual | Served Defendants | Mainland Defendants |
|---|---|---|
| Jun Zhao | Vice President and Director – TCL CSOT<br><br>Director – Shenzhen CSOSDT | Chairman – Guangzhou CSOSDT |
| Pei Lin | CEO – Shenzhen CSOSDT | Director – Guangzhou CSOSDT |
| Anming Yang | CEO and Director – CSOI HK<br><br>Director – TCL CSOT<br><br>Director – Shenzhen CSOSDT | Director – Guangzhou CSOSDT |
| Caili Zhang | Legal Representative – Shenzhen CSOSDT | CEO and Legal Representative – Guangzhou CSOSDT<br><br>Director and Legal Representative – Huizhou CSOD |

## III. LEGAL STANDARD

Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as

[4] The "Served Defendants" refers to Wuhan CSOSDT, TCL CSOT America, CSOI HK, Suzhou CSOT, TCL CSOT, and Shenzhen CSOSDT.

the court orders." Fed. R. Civ. P. 4(f)(3). Under the rule, such "alternative service" is proper when it is (1) "not prohibited by international agreement" and (2) "reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections." *Viahart, L.L.C v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022). Rule 4(f)(3) stands co-equal with other rules regarding service, and "is not a 'last resort' or a type of 'extraordinary relief' for a plaintiff seeking to serve process on a foreign defendant." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

Courts "generally require plaintiffs to attempt service through more conventional means, such as service under the Hague Convention, before authorizing alternative service." *J&H Web Techs., LLC v. Square Cat Software Ltd.*, No. 2:23-CV-00279-JRG, 2025 WL 364078, at *3 (E.D. Tex. Jan. 31, 2025). But Hague Convention service "does not displace [alternative service under] Rule 4(f)(3)." *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018). The Rule 4(f)(3) analysis includes consideration of "the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention." *Stingray IP Sols., LLC v. Signify N.V.*, No. 2:21-CV-00043-JRG, 2021 WL 9095765, at *2 (E.D. Tex. Nov. 2, 2021). These "special circumstances" may include, for example, prior attempts to effectuate service by other means, defendants' conduct, the relatedness of the defendants, and evidence of actual or constructive notice. *See, e.g.*, *Stingray IP Sols., LLC v. TP-Link Techs. Co., Ltd.*, No. 2:21-CV-00045-JRG, 2021 WL 6773096, at *3 (E.D. Tex. Nov. 19, 2021); *Monument Peak Ventures, LLC v. TCL Elecs. Holdings Ltd.*, No. 5:24-CV-11-RWS-JBB, 2024 WL 3426771, at *5 (E.D. Tex. June 11, 2024).

## IV. ARGUMENT

### A. Alternative Service Is Appropriate Under The Circumstances

SDC seeks alternative service only after diligently—and unsuccessfully—attempting to serve the Mainland Defendants through conventional means. Six of their affiliates (i.e., the Served Defendants) have now accepted or waived service through the same counsel, Devlin—yet the Mainland Defendants refuse to accept or waive service. Devlin, in turn, has actively sought to frustrate service at every turn. Alternative service is warranted given SDC's extensive diligence, coupled with Devlin's persistent efforts to obstruct service.

As described above, SDC has tried to serve the Mainland Defendants by serving the registered agent for TCL CSOT America, mailing waivers of service forms to the Mainland Defendants, and requesting acceptance of service from Devlin and counsel for affiliated CSOT entities in other pending patent cases in the Northern District of Texas and this District. *Supra* Section II.A-B. These efforts are more than sufficient to satisfy the Court's diligence requirement. *Stingray*, 2021 WL 9095765, at *3 (granting alternative service after plaintiff attempted service by mail, through a U.S. subsidiary, and through counsel of record for the foreign parent, noting "[t]his is not a case where a plaintiff seeks alternative [service] without first attempting to provide substantive notice through other means").

SDC further undertook service through the Hague Convention at considerable expense more than two months ago, but such service has not made appreciable progress and could take many more months. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012) (noting that service via the Hague Convention would take "approximately six to eight months"). Under similar circumstances, this Court has authorized alternative service rather than requiring the plaintiff to complete service under the Hague Convention. In *Element Cap. Com. Co. Pte. Ltd. v. BOE Tech. Grp. Co.*, the Court authorized alternative service of a foreign parent

entity through its U.S. subsidiaries after plaintiff's numerous service efforts were met with resistance, and its Hague applications had been pending for three months when it requested alternative service. No. 2:22-CV-00118-JRG, 2022 WL 4368162, at *3 (E.D. Tex. Sept. 21, 2022). And in *Orange Elec. Co. v. Autel Intelligent Tech. Corp.*, the Court authorized alternative service even absent prior service attempts through the Hague Convention, finding that Hague service would "delay th[e] case another six to eight months" and such delay weighed in favor of granting alternative service. No. 2:21-CV-00240-JRG, 2022 WL 4125075, at *3 (E.D. Tex. Sept. 9, 2022).

Courts have specifically authorized alternative service where, as here, affiliated defendants had already been served and the case would otherwise proceed as to the served defendants. *Monument Peak*, 2024 WL 3426771, at *6 ("To require Plaintiff to serve PRC Defendants through the Hague while the case proceeds against the Hong Kong Defendants would delay one part of this litigation without any proffered benefit."). Indeed, this case is especially well-suited for alternative service—the Mainland Defendants likely have notice of this lawsuit through their six affiliates, including their parent entity (TCL CSOT), who are represented by the same counsel at Devlin. *See Stingray*, 2021 WL 6773096, at *4 (granting alternative service based on prior attempts to serve a U.S. subsidiary and affiliated co-defendants in Hong Kong which "indicate that [affiliated defendant based in China] has been reasonably apprised of this litigation").

In addition, Devlin's pattern of obstructing SDC's service efforts constitutes "special circumstances" warranting alternative service. Among other actions, Devlin has: refused to accept or waive service on behalf of the Mainland Defendants, claiming SDC's inquiries "implicate CBI"; sought to challenge service—including through its MTDS's Rule 12(b)(5) arguments and Motion to Strike—on behalf of entities it claimed it did not represent; and refused to provide the correct address for CSOI HK after arguing its registered address was not a proper location for service. *See supra* Section II. Yet when CSOI HK faced the prospect of a default judgment, Devlin quickly

confirmed its representation of CSOI HK and negotiated waivers on behalf of four entities it previously claimed it did not represent and could not even contact. Ex. 5. This pattern of obstruction serves no legitimate purpose and instead undermines judicial efficiency by needlessly delaying the Mainland Defendants' appearances in this case. *See Monument Peak*, 2024 WL 3426771, at *6 (authorizing alternative service after defendants refused to provide correct addresses for defendants based in China, resulting in "an unnecessary game of 'whack-a-mole'").

Indeed, the Court has authorized alternative service in the face of less extensive efforts to impede service. In *Stingray*, the plaintiff attempted to serve foreign subsidiaries using three methods: (1) through counsel of record for Signify N.V. (the foreign subsidiaries' parent entity who had waived service); (2) by serving the registered agent of Signify N.V.'s U.S. subsidiary; and (3) by mailing the complaint directly to the foreign subsidiaries. 2021 WL 9095765, at *4. Signify N.V. refused to accept service on its foreign subsidiaries' behalf, instead filing a notice arguing that service on its U.S. subsidiary was ineffective and citing evidence "indicating that the registered agent did not forward process papers to [the foreign subsidiaries]." *Id*. at *1. The Court found that plaintiff's "multiple attempts to effectuate service—combined with [Signify N.V.'s] active role in objecting to service on behalf of its foreign subsidiaries" weighed in favor of alternative service. *Id*. at *4. Here, Devlin has similarly taken an "active role" in objecting to service on behalf of entities it claims not to represent, including by filing multiple motions designed to frustrate service. *See supra* Section II (describing MTDS and Motion to Strike).

In *Stingray*, the Court rejected similar attempts to object to service on behalf of foreign subsidiaries while refusing to accept service on their behalf. The Court held that Signify N.V.'s "objection [to service on its subsidiaries' behalf] indicates communication between the parent and its subsidiaries or at least authorization to contest service on their behalf," favoring "a grant of alternative service." 2021 WL 9095765, at *4. Likewise, here, Devlin's objections to service on

the Mainland Defendants indicate communication with those entities or authorization to act on their behalf. And like in *Stingray*, the parent entity, TCL CSOT, has now waived service yet it refuses to accept or waive service on behalf of its subsidiaries, the Mainland Defendants. The Court should reject these repeated efforts to frustrate service and grant alternative service.

### B. The Requested Forms of Service are Reasonably Calculated to Provide Notice

The record confirms close affiliations between the Mainland Defendants and their six affiliated Served Defendants. Given the extensive overlap in resources and senior personnel, SDC's proposed methods of service are reasonably calculated to provide notice to the Mainland Defendants and should be authorized.

#### *1. Service on Counsel Is Reasonably Calculated to Provide Notice*

Service on the Mainland Defendants through counsel for the Served Defendants at Devlin is appropriate here. Devlin has been litigating this case since March 2026, when it filed this case on behalf of Wuhan CSOSDT. Dkt. 1. Devlin then slowly appeared on behalf of five other entities. In June 2026, it appeared on behalf of TCL CSOT America. Then, in September 2026, after the Clerk entered default against CSOI HK, Devlin immediately notified SDC of its representation of CSOI HK and Suzhou CSOT, and thereafter quickly contacted TCL CSOT and Shenzhen CSOSDT to negotiate waivers of service on their behalf. Ex. 5.

Devlin's apparent ability to promptly contact additional entities confirms that it can communicate service papers to the Mainland Defendants—particularly now that it represents their U.S. affiliate (TCL CSOT America) and parent (TCL CSOT). *See WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-952-ADA, 2021 WL 2870679, at *4 (W.D. Tex. July 8, 2021) ("By effecting service of process on a corporation's known U.S. counsel, a corporation is reasonably certain to be apprised of the pending action[], if it is not already aware of [it]."); *Freedom Pats. LLC v. TCL Elecs. Holding Ltd.*, No. 4:23-CV-00420-ALM, 2023 WL 7414144, at

*6 (E.D. Tex. Nov. 9, 2023) (authorizing service on counsel as to China-based defendants where counsel had "previously accepted service for one of the PRC Defendants … in another matter in this [D]istrict").

Moreover, the CSOT counterclaim defendants' shared leadership structure and organization suggests service papers can be shared freely with the Mainland Defendants. As described above, numerous personnel serve as directors or high-level executives for numerous counterclaim defendants, members of the same corporate family. *See supra* Section II.C (outlining overlapping personnel). Among other executives and board members, the Served Defendants and Mainland Defendants share: Jun Zhao, Director at TCL CSOT, Shenzhen CSOSDT, and Chairman at Guangzhou CSOSDT; Pei Lin, CEO of Shenzhen CSOSDT and Director of Guangzhou CSOSDT; and Anming Yang, Director at CSOI HK, TCL CSOT, Shenzhen CSOSDT, and Guangzhou CSOSDT. This overlap in leadership strongly suggests the counterclaim defendants share information, and service on Devlin would provide notice to the Mainland Defendants. *See Monument Peak*, 2024 WL 3426771, at *6 (granting alternative service where "the Hong Kong and PRC Defendants are related entities (i.e., agents of one another and work in concert together as a business group), who are represented by the same U.S.-based counsel").

### 2. *Service Through TCL CSOT America is Reasonably Calculated to Provide Notice*

Service on the registered agent for TCL CSOT America would also provide notice to the Mainland Defendants. TCL CSOT America is the sole U.S. affiliate of TCL CSOT—the parent of all the other counterclaim defendants including the Mainland Defendants—and TCL CSOT is the controlling shareholder of TCL CSOT America. Dkt. 104 ¶ 21. TCL CSOT America and TCL CSOT share members of their executive teams, including Zhang Xin, who serves as TCL CSOT America's General Manager and VP at TCL CSOT. Dkt. 83-2 (Declaration of Zhang Xin in support of Motion to Dismiss or Sever). In addition to being subsidiaries of TCL CSOT, the

four Mainland Defendants share executives and board members with TCL CSOT as discussed above. *Supra* Section II.C. Thus, service on TCL CSOT America is reasonably calculated to provide notice to the Mainland Defendants. *See Stingray*, 2021 WL 6773096, at *4-5 (authorizing alternative service on Chinese defendants through the registered agent of their U.S. subsidiary and through counsel of record); *Encryptawave Techs. LLC v. Vantiva SA*, No. 4:24-CV-846-SDJ, Dkt. 27 at 7-8 (E.D. Tex. May 18, 2026) (authorizing alternative service on a foreign defendant's U.S. subsidiary).

### C. <u>The Proposed Forms of Service Are Not Prohibited by International Law</u>

Finally, SDC's proposed forms of alternative service are not prohibited by international law because both would be effectuated entirely in the U.S. In *Freedom Pats.*, the court permitted service on Chinese defendants' U.S. counsel after finding the "Hague Convention does not prohibit service on a foreign corporation through its U.S. counsel" and "service on the PRC Defendants' U.S. counsel is not prohibited by international agreement." 2023 WL 7414144, at *6; *see also Encryptawave*, No. 4:24-CV-846, Dkt. 27 at 5-6 ("Service on U.S. Counsel is not prohibited by international agreement because the requested method would be effectuated in the United States, meaning that the Hague Convention would not be implicated."). *Stingray* likewise found that service on U.S. counsel and on a U.S. affiliate was "not prohibited by international agreement because neither method falls within the scope of the Hague Convention." 2021 WL 6773096, at *2. So too here, SDC's proposed methods of service do not violate the Hague Convention because they effectuate service in the U.S. and thus are entirely permissible.

## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court should authorize alternative service pursuant to Rule 4(f)(3) and permit SDC to effectuate service on the Mainland Defendants by (1) serving by email the Devlin Law Firm, counsel of record for the Served Defendants, and (2) serving the registered

agent of TCL CSOT America, the U.S. affiliate of the CSOT corporate family.

Dated: October 19, 2026

Respectfully submitted,

*<u>/s/ Ryan K. Yagura (with permission by Melissa R. Smith)</u>*
Ryan K. Yagura
Cal. Bar #197619
ryagura@omm.com
Benjamin Haber (*pro hac vice*)
Cal. Bar #287085
bhaber@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000

Timothy S. Durst
Tex. Bar #00786924
tdurst@omm.com
Cason G. Cole
Tex. Bar #24109741
ccole@omm.com
Rebekah Palmer
Tex. Bar #24138942
rpalmer@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201
Telephone: (972) 360-1900

Mark Liang (*pro hac vice*)
Cal. Bar #278487
mliang@omm.com
Sorin Zaharia (*pro hac vice*)
Cal. Bar #312655
szaharia@omm.com
Clarence A. Rowland (*pro hac vice*)
Cal. Bar #285409
crowland@omm.com
Li Guo (*pro hac vice*)
Cal. Bar #347045
lguo@omm.com
Kurt D. Fredrickson (*pro hac vice*)
Cal. Bar #353010
kfredrickson@omm.com
Karnik Hajjar (*pro hac vice*)
Cal. Bar #347180
khajjar@omm.com
**O'MELVENY & MYERS LLP**

Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700

Liza Sneitzer (*pro hac vice*)
D.C. Bar #1048789
lsneitzer@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006
Telephone: (202) 383-5300

Nathaniel Legum (*pro hac vice*)
N.Y. Bar #6168975
nlegum@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas, 17th FL
New York, NY 10019
Telephone: (212) 326-2000

Melissa R. Smith (Tex. Bar #24001351)
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450

*Counsel for Defendant and Counterclaim-Plaintiff Samsung Display Co., Ltd.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, the foregoing document was served via CM/ECF on all counsel of record.

*/s/ Melissa R. Smith*
Melissa R. Smith

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel has complied with the meet and confer requirement specified in E.D. Tex. Local Rule CV-7(h). On October 17, 2026, counsel for counterclaim defendants Wuhan China Star Optoelectronics Semiconductor Display Technology Co., Ltd. and TCL CSOT America Corp. confirmed that they oppose the relief requested herein.

*/s/ Melissa R. Smith*
Melissa R. Smith